Michael SCOTT, Appellant,

v.

Officer MENCHACA, Appellee.

No. 13–05–591–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 9, 2006.

Rehearing Overruled March 16, 2006.

Michael Scott, Beeville, for appellant.

Kimberly Fuchs, Asst. Atty. Gen., Austin, for appellee.

Before Justices HINOJOSA, YAÑEZ and CASTILLO.

**OPINION**

Opinion by Justice CASTILLO.

Appellant, Michael Scott, an indigent inmate in the Texas Department of Criminal Justice–Institutional Division (TDCJ), appeals the dismissal of his pro se case under chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002). He sued appellees,[1] seeking compensatory damages for "excessive use of force while escorting" him to a medical appointment. We affirm the trial court's chapter 14 dismissal of the lawsuit with prejudice.

## I. Issues Presented

Scott contends that the trial court abused its discretion by (1) dismissing his prisoner's in forma pauperis suit under chapter 14 as frivolous, (2) failing to permit him to cure the defect in his effort to exhaust the prison grievance system, and (3) failing to rule on his motion for stay pending exhaustion of administrative remedies.

## II. Background

The defendants moved to dismiss, asserting that Scott failed to meet the following chapter fourteen statutory requirements: (1) list all his previous lawsuits,[2] (2) adequately describe operative facts,[3] and (3) list dates of affirmation of dismissals of prior suits.[4] Scott filed a motion requesting an order allowing him to exhaust administrative remedies.

A review of the record reveals that the live pleading did not contain an affidavit or unsworn declaration as to Scott's exhaustion of administrative remedies. The trial court convened a telephonic evidentiary hearing wherein Scott admitted he had not exhausted administrative remedies as to all defendants except Menchaca. Scott nevertheless argued: "I'm not required to exhaust the grievance system again after I have filed my grievance with the Court with my original petition. I'm only re-

---

**1.** The defendants named in the first amended petition were Rafael Menchaca, Armando Gonzalez, Marie Delarosa, Sgt. Jonny Miles, Sgt. Daniel Breseno, Sgt. Villarreal, Sgt. Darren Mayer, Sgt. Sanchez, Capt. Rene Maldonado, Major Daniel Fernandez, Lt. Andres Gallegso, Sgt. Louis Rocha, Sgt. Rhonda Rawlins, Sgt. Delarosa, Lt. Michael Skay, Capt. Edwin Lang, Capt. Parker, Asst. War-

den Alfonso Castillo, and Warden William Stephens in their personal capacities.

**2.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(a) (Vernon 2002).

**3.** *Id.*

**4.** *See id.* at §§ 14.004(a)(2)(D), (b).

quired to exhaust the grievance system once." He added, "There's no case law or no T.D.C. policy or procedure that explicitly states that I'm required to name each defendant to the step 1 and step 2 grievance." As to the affidavit of previous filings, Scott stated that he filed "an amended list and I have cured the deficiencies that the defendants have alleged."

Concluding that Scott's live pleading was procedurally incorrect, the trial court dismissed the case with prejudice. In his motion for a new trial, Scott requested an order allowing him to exhaust administrative remedies.

### III. Chapter 14

#### A. Scope and Standard of Review

■ The purpose of the procedural requirements in chapter 14 is to deter "constant, often duplicative, inmate litigation." *See Lilly v. Northrep,* 100 S.W.3d 335, 337 (Tex.App.-San Antonio 2002, pet. denied); *Obadele v. Johnson,* 60 S.W.3d 345, 348 (Tex.App.-Houston [14th Dist.] 2001, no pet.). The proper standard of review for the dismissal of a frivolous claim pursuant to chapter fourteen is an abuse of discretion. *Jackson v. Tex. Dep't of Crim. Justice–Inst. Div.,* 28 S.W.3d 811, 813 (Tex.App.-Corpus Christi 2000, pet. denied). To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances. *Id.* (citing *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443, (Tex.1984)); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985) (holding that an abuse of discretion is determined by examining whether the trial court acted without reference to any guiding rules and principles); *Spurlock v. Schroedter,* 88 S.W.3d 733, 735–36 (Tex.App.-Corpus Christi 2002, no pet.).

■ Section 14.005 requires that an inmate proceeding pro se file an affidavit or unsworn declaration stating (1) the date that the grievance was filed, and (2) the date the inmate received the written decision. *See* TEX. CIV. PRAC. & REM.CODE ANN. 14.005 (Vernon 2002). The plain meaning of the provision reflects that exhaustion of administrative remedies is mandatory. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005). We must enforce the plain meaning of an unambiguous statute. *Tune v. Tex. Dep't of Pub. Safety,* 23 S.W.3d 358, 363 (Tex.2000); *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex. 1997) (holding that we interpret a statute that is clear and unambiguous by looking at the plain meaning of the statute's words).

#### B. Discussion

■ By his second and third issues, Scott assigns error to the trial court's refusal to allow him to exhaust administrative remedies. His complaint on appeal is contrary to his assertions at the hearing. He judicially admitted that he need not exhaust administrative remedies as to all but the first defendant, and he did not file an affidavit or unsworn declaration as to exhaustion of administrative remedies (an action consistent with his argument before the trial court).

■ A judicial admission must be a clear, deliberate, and unequivocal statement; it occurs when an assertion of fact is conclusively established in live pleadings, making the introduction of other pleadings or evidence unnecessary. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 905 (Tex.2000). A judicial admission not only relieves an adversary from making proof of the fact admitted but also bars the party himself from disputing it. *See id.* We conclude that, because Scott judicially admitted in open court that

546

he need not exhaust administrative remedies, he is barred from now disputing that admission. *Id.* Accordingly, we overrule his second and third issues. Because exhaustion of administrative remedies is a mandatory requirement in chapter 14 proceedings and because the live pleading did not append the mandatory affidavit or declaration as to exhaustion of administrative remedies, we conclude that the trial court did not abuse its discretion in dismissing the lawsuit with prejudice. *See* TEX. CIV. PRAC. & REM.CODE ANN. 14.005 (Vernon 2002); *Jackson,* 28 S.W.3d at 813. Accordingly, we overrule Scott's first issue.

### IV. Conclusion

Having overruled Scott's three issues presented, we affirm the order dismissing the lawsuit with prejudice.