*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# OPINION

No. 04-08-00582-CV

Jerry **WANZER**,
Appellant

v.

Bernard **GARCIA**, Debra Vera, Hugh W. Green, Thomas Hinkle, Sylvia Peterson,
Victor Martinez, Anthony Garcia, Kurt Stiefer, Kenneth Bright, Paul Morales, and Kelli Ward,
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 07-09-00132-CVK
Honorable Ron Carr, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice

Delivered and Filed:   July 1, 2009

AFFIRMED

Jerry Wanzer, an inmate incarcerated at the Connally Unit of the Texas Department of

Criminal Justice, appeals pro se from the trial court's order dismissing his lawsuit against appellees

and declaring him a vexatious litigant. We affirm.

## BACKGROUND

Wanzer filed suit pursuant to 42 U.S.C. § 1983 against Appellees Bernard Garcia, Debra Vera, Hugh Green, Thomas Hinkle, Sylvia Peterson, Victor Martinez, Anthony Garcia, Kurt Stiefer, Kenneth Bright, Paul Morales, and Kelli Ward, in their individual and official capacities, for alleged violations of his civil rights. In his petition, Wanzer alleges that on April 18, 2007, during a law library session, he asked Law Library Supervisor Bernard Garcia if he could use the restroom, but was told he could not. After sitting down, Wanzer again asked Garcia if he could go to the restroom. Garcia told him that he would have to sign out. Wanzer asked if his law library session would be over when he signed out and was told that he could "put in" for another session. According to Wanzer's petition, he explained to Garcia that he just wanted to go to the restroom and then continue with his session. Garcia replied that he could not do that. Wanzer said, "So you're refusing me from going to the restroom?" He then told Garcia he would file a grievance. Garcia responded by telling Wanzer to get up and leave, to which Wanzer replied, "Are you refusing my session?" Garcia again told Wanzer to leave, so Wanzer signed out and placed by his name "refused my law library."

In his petition, Wanzer then alleges that when he returned to the building, he separately spoke to Shift Security Lt. Anthony Garcia, Law Library Officer Green, and Security Desk Sgt. Victor Martinez about his session being ended for requesting to use the restroom. According to Wanzer's petition, three hours later, Sgt. Victor Martinez told Wanzer that he was investigating "a disciplinary" and that Wanzer had been "written up for creating a disturbance and refusing to obey orders by Law Library Supervisor Garcia." Wanzer alleges that he told Martinez the allegation was false and that Garcia was angry at him because he had told Garcia that he was going to file a grievance.

According to Wanzer's petition, the next day, he went to the law library, "placed [his] lay[1] in the lay in-box," and sat down. When the line of people waiting to sign in decreased, Wanzer attempted to sign in the log, but had to ask Officer Debra Vera for the log because she had taken it. Vera told Wanzer that he should have signed in before sitting down. Wanzer told Vera that he had "not want[ed] to stand there, so [he had] waited until the line went down to sign in." Wanzer then signed in and began doing his "legal work." Hours later, Desk Sgt. Martinez told Wanzer that Vera had written him up for failing to obey orders to put his lay in the in-box. Wanzer told Martinez that Vera had written him up in retaliation for him filing past grievances against her and the library.

Wanzer's petition further alleges that the following day, a disciplinary hearing was held by Captain Thomas Hinkle, and Wanzer requested to question "Officers Green, Vera, Sgt. Martinez, A. Garcia, B. Garcia, along with inmates Allen and Simmons." Captain Hinkle allowed him to question Law Library Supervisor Garcia, but denied his request to question the others. Further, Wanzer alleges in his petition that Hinkle only allowed him to question Garcia over the phone, which Wanzer believes denies him his right to confrontation. Hinkle then called Law Library Officer Vera, who claimed no knowledge of the incident. Wanzer alleges that Hinkle refused to read Officer Green's statement at the disciplinary hearing or show Wanzer what the statement said. Wanzer explained to Hinkle that Hinkle had conspired with Garcia in the writing of the disciplinary. Wanzer alleges that when he left the library on April 18, 2007, one of his witnesses saw Law Library Supervisor Garcia leave the law library with a disciplinary form in hand and then speak with Hinkle, which Wanzer alleges is in violation of Disciplinary Policy. According to Wanzer's petition, when he objected to Hinkle conducting the disciplinary hearing because of his conflict of interest (Wanzer

---

[1] From the record before us, we are unable to determine the meaning of the term "lay."

had named Hinkle as a defendant in another civil lawsuit), Hinkle refused to recuse himself and found Wanzer guilty.

Wanzer's petition then alleges that four days later, April 23, 2007, while returning from a law library session, Major Kurt Stiefer followed Wanzer to his cell and ordered Officer Rodriguez to search his cell. Five hours later, Wanzer was told to go to a "Unit Classification Hearing," where "Classification Hearing Member Major Stiefer ordered [Wanzer] to be sent to 'close custody,'" which prevents prisoners from attending law library sessions.

According to Wanzer's petition, six days later, Lt. Anthony Garcia held a disciplinary hearing for Wanzer allegedly failing to obey an order to put his lay in the in-box. Wanzer explained to Lt. Garcia that the disciplinary was false because he had placed his lay in the box and that Vera had written him up "out of retaliation." Garcia found that Wanzer had failed to comply with the order.

Wanzer's first cause of action alleges that Law Library Supervisor Garcia denied him access to the courts in retaliation for Wanzer filing a grievance against him. According to Wanzer's petition, Garcia refused to give him a copy of his Trust Fund Account Statement, which he needed to send to the U.S. District Court, Western District of Texas, in Cause No. SA-CA-0616-RF and which caused his federal case to be dismissed. Wanzer also alleges that he was denied access to the courts because Garcia gave him minimal amounts of indigent legal supplies and refused to provide him with legal research materials.

Wanzer's second cause of action alleges that Morales denied him his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments by acting "with deliberate indifference toward formal grievances submitted by [Wanzer]" and by acting "with deliberate indifference in wrongfully disregarding letters, sent dated August 21, 2006, and May 11, 2007, of resolution."

Wanzer's third cause of action alleges that Kenneth Bright deprived Wanzer of his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments by acting "with deliberate indifference toward formal grievances submitted by Wanzer."

Wanzer's fourth cause of action alleges that Debra Vera, Hugh Green, Thomas Hinkle, Kurt Stiefer, Sylvia Peterson, Victor Martinez, and Anthony Garcia "all conspired to deprive [Wanzer] of his rights established by the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as acted with deliberate indifference toward [Wanzer] in the resolution of grievance complaints."

Wanzer's fifth cause of action alleges that Kelli Ward deprived Wanzer of his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments by acting "with deliberate indifference in failing to rectify discrepancies of which she was aware and responsible for between protocol and practices within TDCJ-ID Grievance Process."

Appellees filed a motion to declare Wanzer as a vexatious litigant and a motion to dismiss Wanzer's lawsuit pursuant to chapter 14 of the Civil Practices and Remedies Code. On February 8, 2008, the trial court held a hearing on the motions. Wanzer was present at the hearing. That same day, the trial court signed an order finding Wanzer to be a vexatious litigant and ordering him to furnish security in the amount of $2,000. The order stated that if Wanzer failed to furnish the security, the case would be dismissed. The order also stated that if the case was dismissed on the merits, Wanzer would have to pay the defendants' reasonable expenses incurred in or in connection with the litigation, including costs and attorneys' fees. The order further stated that the clerk of the court should refuse the filing of any litigation presented by Wanzer unless he first obtained an order from the local administrative judge permitting the filing. On March 4, 2008, the trial court granted

appellees' motion to dismiss pursuant to chapter 14 and dismissed Wanzer's case as frivolous. Wanzer appeals the dismissal of his lawsuit pursuant to chapter 14 and the finding that he is a vexatious litigant.

### MOTION TO DECLARE WANZER A VEXATIOUS LITIGANT

*A.      Timeliness of Motion*

Wanzer argues that Appellees did not timely file their motion to declare him a vexatious litigant because they did not file their motion within nineteen days after filing their answer. Section 11.051 of the Civil Practice and Remedies Code, however, allows a defendant to file a motion to declare a plaintiff a vexatious litigant within *ninety* days of filing an answer:

> In a litigation in this state, the defendant may, on or before the 90th day after the date the defendant files the original answer or makes a special appearance, move the court for an order: (1) determining that the plaintiff is a vexatious litigant; and (2) requiring the plaintiff to furnish security.

TEX. CIV. PRAC. & REM. CODE ANN. § 11.051 (Vernon 2002).

Both parties agree that appellees filed their answer on October 15, 2007, and their motion to declare Wanzer as a vexatious litigant on January 14, 2008. Although there are ninety-one days between October 15, 2007, and January 14, 2008, the motion was still timely filed because the ninetieth day after October 15, 2007, was *Sunday*, January 13, 2008. Texas Rule of Civil Procedure 4 provides that if a deadline falls on a Saturday, Sunday, or legal holiday, the deadline is extended to the next day that is not a Saturday, Sunday, or legal holiday. *See* TEX. R. CIV. P. 4. Thus, appellees' motion was timely filed.

*B.*      *Reasonable Probability that Wanzer Would Prevail*

Section 11.054 of the Texas Civil Practices and Remedies Code provides the following:

A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been:
>
> > (A) finally determined adversely to the plaintiff;
> >
> > (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
> >
> > (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure; . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1) (Vernon 2002). We review the trial court's determination that Wanzer is a vexatious litigant for abuse of discretion. *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Nell Nations Forist v. Vanguard Underwriters Ins.*, 141 S.W.3d 668, 670 (Tex. App.—San Antonio 2004, no pet.).

On appeal, Wanzer has only challenged the trial court's conclusion that he has no reasonable probability of prevailing in his suit against appellees. Thus, we limit our discussion to whether the trial court abused its discretion in making this determination.

Wanzer's first cause of action alleges that Law Library Supervisor Garcia denied him access to the courts in retaliation for Wanzer filing a grievance against him. However, to establish the denial of his right to access the courts, Wanzer must show actual harm resulting from the prison official's alleged conduct. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996); *Newby v. Chambers*, No. 14-08-

00338-CV, 2009 WL 1416078, at *2 (Tex. App.—Houston [14th Dist.] 2009, no pet. h.). Actual harm is some hindrance to an inmate's effort to pursue a legal claim. *Newby*, 2009 WL 1416078, at *2 n.8; *see Lewis*, 518 U.S. at 356 (explaining that the constitutional right to access courts "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts").[2]

Wanzer alleges in his petition that Garcia refused to give him a copy of his Trust Fund Account Statement, which he needed to send to the U.S. District Court, Western District of Texas, in Cause No. SA-CA-0616-RF. Wanzer alleges that as a result, his federal case was dismissed. However, appellees attached to their motion the opinion and order from the federal district court in Cause No. SA-CA-0616-RF, which dismissed Wanzer's case as frivolous and barred Wanzer from proceeding in forma pauperis in a civil action or in an appeal of a judgment rendered in a civil action filed in federal court. The federal district court's opinion states that Wanzer's federal case was not dismissed because he failed to file his Trust Fund Account Statement, but because the trial court determined his case to be frivolous. Thus, Wanzer has not identified any injury caused by Garcia's alleged failure to provide him with his Trust Fund Account Statement. *See Newby*, 2009 WL 1416078, at *3. Similarly, Wanzer has not identified any injury caused by Garcia's alleged failure to provide him legal supplies.

Wanzer's second, third, and fourth causes of action allege that he was denied his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments by various prison

---

[2] The right of inmates to access courts encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *Lewis*, 518 U.S. at 351. Inmates are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Instead, they are guaranteed "the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.*

officials because these officials acted with "deliberate indifference" toward grievances submitted by him. Similarly, Wanzer's fifth cause of action alleges that Kelli Ward deprived him of his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments by acting "with deliberate indifference in failing to rectify discrepancies of which she was aware and responsible for between protocol and practices within TDCJ-ID Grievance Process." Like his first cause of action, Wanzer has not identified any injury caused by these prison officials acting with deliberate indifference with respect to the grievance process. *See Newby v. Hurley*, No. 13-08-00016-CV, 2008 WL 3868338, at *2 (Tex. App.—Corpus Christi 2008, no pet.). Moreover, an inmate does not have a constitutionally protected right to access a grievance procedure. *Newby*, 2009 WL 1416078, at *3; *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that because a prison grievance procedure is a procedural right that does not confer any substantive rights upon inmates, it does not create a protected liberty interest implicating the protections of the Fourteenth Amendment); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that inmates do not have a "legitimate claim of entitlement to a grievance procedure"). Nor does an inmate have a constitutional right in having grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (explaining that district court did not err in dismissing inmate's claim as frivolous because a prisoner has a liberty interest only in freedoms from restraint that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, and does not have a federally protected liberty interest in having these grievances resolved to his satisfaction). Therefore, we find

no abuse of discretion on the part of the trial court in determining that Wanzer had no reasonable probability of prevailing in his lawsuit.

### DISMISSAL UNDER CHAPTER 14

Wanzer also argues that the trial court erred in dismissing his lawsuit as frivolous pursuant to chapter 14 of the Texas Civil Practices and Remedies Code. Section 14.003 allows a trial court to dismiss a claim filed by an indigent inmate, either before or after service of process, if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002). In determining whether the claim is frivolous or malicious, the court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b)(4). We review the trial court's dismissal of a claim pursuant to chapter 14 for abuse of discretion. *Smith v. Tex. Dep't of Criminal Justice*, 33 S.W.3d 338, 339 (Tex. App.—Texarkana 2000, pet. denied).

For the same reasons as enunciated above, we find no abuse of discretion by the trial court in dismissing Wanzer's claims as frivolous.

### CONCLUSION

We affirm the judgment of the trial court.

Karen Angelini, Justice

-10-