Opinion issued April 28, 2011.

 

 

 

 

                                                                                                                                                                                                                                                                                                                                                                        



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00505-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



Timothy
Paul Martin,
Appellant[1]

 

 



On Appeal from the 412th
District Court

Brazoria County, Texas

Trial Court Cause No. 2004-51912

 

 



MEMORANDUM opinion

Timothy Paul Martin, an inmate, [2]
filed suit alleging various causes against David Turrubiarte (an Assistant
Warden)[3],
Juan Torres and Joe Potts (fellow inmates), Douglas Geist, Thomas R. Brennan,
Debbie Monroe, and Oscar Torres (prison employees), and the Brazoria County
District Attorney.  Because he filed in forma pauperis, the lawsuit is
subject to Civil Practice and Remedies Code Chapter 14, which addresses inmate
litigation.[4]
 The trial court dismissed Martin’s
claims against all defendants with prejudice.  We affirm. 

Background

Martin
filed his suit in the trial court on April 2, 2009.[5]  According to his pro se appellate brief, in
July 2008, Martin was transferred to the Ramsey 1 Unit in Rosharon, Texas and
assigned to the Gang Renunciation and Disassociation (“GRAD”) program.  According to Martin, participation in the
GRAD program is a privilege and benefit in that prisoners who successfully
complete the program earn release into the general prison population and
generally have a better chance of being paroled.   

Among the
many factual allegations set forth in Martin’s petition are several arguments
with his cellmate and fellow GRAD member, Juan Torres, who, Martin alleges,
challenged him to a fight.  According to
his petition, Martin was concerned by the prospect of violence and made a
written request to Officers Brennan and Geist for a new cell assignment.  When neither officer acted on his request,
Martin filed a grievance against them for “neglecting to act on the complaint.”


Three days
later, Officer Geist called Martin and Torres from their cell for
questioning.  Martin alleges that the
prisoner in the next cell, Joe Potts, then told Torres to tell Geist that
Martin had threatened Torres.  Martin
told Potts “to get out of [Martin’s] business.” 
Martin was then guided out into the hall where Geist was waiting. 

Martin
alleges that Geist asked, “So you filed a grievance, huh? Well, what if I just
say you created a disturbance then write you a case?”  Martin replied that he would send a letter to
the Brazoria County District Attorney, file a complaint, and file a
lawsuit.  According to Martin’s petition,
Geist responded, “Then I’m putting you in ad[ministrative] Seg[regation] and
kicking you out of GRAD.”  Martin
contends Geist then turned to the other inmate, Torres, and told him, “He wrote
a grievance . . . .  [J]ust say he
threatened you.”  Martin was then
handcuffed and escorted to a solitary confinement cell.

According
to Martin, Geist wrote up a disciplinary complaint against Martin for “creating
a disturbance by telling Potts to find himself some business.”  After a hearing before Major of Correctional
Officers Armstrong, Martin was found guilty of this disciplinary charge.  His classification was reduced; he was
removed from the GRAD program and returned to Administrative Segregation for fifteen
days, where he was “confined to a cell practically 24 hours a day, as he had
been prior to GRAD for about 8 continuous [years]”; and he was subjected to
restrictions on his access to the commissary. 
Martin contends that the disciplinary case was adjudicated in violation
of Due Process “to [the] extent that, the evidence presented contradicted
itself and showed Geist’s testimony lacked trustworthiness and the evidence
constituted circumstantial evidence that Geist had issued the case to retaliate
against [Martin]” and had pre-determined Martin’s guilt. 

Martin
makes numerous additional allegations, including accusing Captain O. Torres and
other officers of neglecting their “duties to prevent the disciplinary
case.”  He also references an additional
“step one” grievance he subsequently filed when prisoners “yelled at him . . .
and threatened to get [him] when they could” and the “step two” grievance he
filed when his step one grievance was denied by Assistant Warden
Turrubiarte.  In addition, he alleges
that the Ramsey prison unit is bug-infested and unsanitary and that it violates
due process of law and constitutes cruel and unusual punishment.  He also complains about the temperature in
the prison and alleges further constitutional violations against the prison
officials.  In addition, he alleges that
Potts and Torres violated their fiduciary duty to him, apparently arising from
their status as fellow inmates, and accuses them of negligence.  Martin further contends that the defendants
are responsible for “Criminal Solicitation, in violation of the [Texas] Penal
Code § 39.02” and “Official Oppression in violation of the Penal Code §
39.03.”  Finally, he claims “the Criminal
District Attorney for Brazoria County neglected his duty to investigate
Martin’s retaliation claims against [defendant] Monroe and so is liable under
[Civil Practice and Remedies] Code § 7.001(a) for neglecting his duties.”  Martin seeks damages on his claims,
injunctive relief restoring his rights and privileges, release to the prison
population at the Cleveland unit so that he may enroll in its business program,
and transfer to another state to serve the remainder of his time.

With his
petition, Martin filed a declaration describing his numerous previous lawsuits
and several declarations of exhausted administrative remedies.  His first declaration of exhausted remedies
related the grievance process he followed regarding his complaints that Geist
and Brennan failed to change his cell assignment.  The declaration and accompanying grievance
records show that Martin received the final denial of this grievance on
December 23, 2008.  Another declaration of
exhausted administrative remedies detailed the grievance process he followed
regarding his complaint that “prisoners at the Ramsey unit [were subjected] to
extreme heat in the summer by neglecting to install air chillers or
conditioners.”  This declaration and the
accompanying written grievance decisions indicate that Martin received the
final response to his grievance on February 20, 2009.  The third declaration detailed the grievance
process he followed regarding his retaliation claim.  This declaration and accompanying grievance
decisions indicate that he received the final response to his retaliation
grievance on December 19, 2008.  Finally,
Martin also filed a declaration and copies of the written grievance decision
regarding his complaints about prison conditions, including a roach
infestation.  This declaration and
accompanying grievance decision indicate that Martin received the written
decision on January 22, 2009.

The trial
court, without conducting an evidentiary hearing and prior to service of
process, dismissed Martin’s claims for failure “to state a cause of action as a
matter of law.”  

martin’s Appeal to this Court

In one
issue, Martin contends that the trial court abused its discretion when it
dismissed his petition prior to service of process and without a hearing and
that the dismissal “involved incorrect conclusions of law.”

Chapter 14
of the Texas Civil Practice and Remedies Code applies to an inmate’s in propria persona claim in a suit in
which an affidavit or unsworn declaration of inability to pay costs is filed by
the inmate.  See Tex. Civ. Prac. &
Rem. Code Ann. § 14.002
(Vernon 2002).  When an inmate files an unsworn
declaration of inability to pay, the trial court has broad discretion to
dismiss the suit as frivolous or malicious. 
Id. § 14.003(a)(2); Thomas v. Knight, 52 S.W.3d 292, 294 (Tex.
App.—Corpus Christi 2001, pet. denied); Lentworth v. Trahan,
981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  To establish an abuse of
discretion, the inmate must show that the trial court’s action was arbitrary or
unreasonable in light of all the circumstances in the case.  Thomas,
52 S.W.3d at 294.  However, while
dismissals of inmate litigation under Chapter 14 are generally reviewed for an
abuse of discretion, the question of whether there was an arguable basis in law
for an inmate’s claims is reviewed de novo. 
Scott v. Gallagher, 209 S.W.3d
262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Minix v. Gonzales,
162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.); Gill v.
Boyd Distrib. Ctr., 64 S.W.3d 601, 603 (Tex. App.—Texarkana 2001, pet.
denied); Sawyer v. Tex. Dep’t of Criminal
Justice, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet.
denied).

Failure of
a prison inmate who files suit in a Texas state court pro se and who seeks to
proceed in forma pauperis to comply
with the procedural requirements of Chapter 14 will result in dismissal of the
inmate’s suit.  Brewer v. Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no
pet.) (citing Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.002(a), 14.004, 14.005 (Vernon 2002) and Bell v. Tex. Dep’t of Criminal Justice–Inst.
Div., 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet.
denied)).

Furthermore,
a court may dismiss the suit if it finds that the suit is frivolous or
malicious, i.e., the claims raised in the suit have no arguable basis in law or
fact.  See Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(a)(2),
(b)(2) (Vernon 2002).  However, when, as
here, a trial court dismisses a claim without conducting an evidentiary
hearing, the dismissal can be affirmed only if the claim has no arguable basis
in law.  Retzlaff v. Tex. Dep’t of Criminal Justice, 94 S.W.3d 650, 653
(Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing Sawyer, 983 S.W.2d at 311). 
A claim has no arguable basis in law if a prisoner has failed to exhaust
his administrative remedies.  Id. (citing Pedraza v. Tibbs, 826 S.W.2d 695, 699–700 (Tex. App.—Houston [1st
Dist.] 1992, writ dism’d w.o.j.)). 
Dismissal with prejudice is appropriate when the case has no arguable
basis in law.  See Cain v. Tex. Bd. of Pardons & Paroles, 104 S.W.3d 215, 219
(Tex. App.—Austin 2003, no pet.). 

Government
Code section 501.008 provides that an inmate may not file a claim in state
court regarding operative facts for which the grievance system provides the
exclusive remedy until he has exhausted his remedies through the grievance
system.  Tex. Gov’t Code Ann. § 501.008(d)(1) (Vernon 2004); Smith v. Tex. Dep’t of Criminal
Justice–Inst. Div., 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet.
denied).  “The two-step ‘Offender
Grievance Program’ is the sole source of administrative remedy for TDCJ
inmates.”  Crain v. Prasifka, 97 S.W.3d 867, 868 & n.3 (Tex. App.—Corpus
Christi 2003, pet. denied).  An inmate
must first present his complaint in a step one grievance within fifteen days of
the incident, and he may appeal the ruling on the step one grievance by filing
a step two grievance within fifteen days of receiving the response to his step
one grievance.  See id. at 868–69.  An inmate
has exhausted his administrative remedies once he receives a written response
to a step two grievance.  See Tex.
Gov’t Code Ann. § 501.008.

Regarding
exhaustion of administrative remedies, section 14.005 of the Civil Practice and
Remedies Code provides:

(a)     An inmate who files a claim that is subject to the grievance system
established under Section 501.008, Government Code, shall file with the court:

 

(1)  an affidavit or unsworn
declaration stating the date that the grievance was filed and the date the
written decision described by Section 501.008(d), Government Code, was received
by the inmate; and

 

(2) a copy of the written
decision from the grievance system.

 

(b)     A court shall dismiss a claim if the inmate fails to file the
claim before the 31st day after the date the inmate receives the written
decision from the grievance system.

 

Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)–(b) (Vernon
2002).

          The record demonstrates that Martin followed
the two-step grievance procedure for his complaints regarding the alleged
retaliation, Geist and Brennan’s failure to change his cell assignment, the infestation
of roaches, and extreme heat in the prison. 
The record further reflects that he received the final written decisions
on his grievances on December 19, 2008, December 23, 2008, January 22, 2009,
and February 20, 2009, respectively. 
Consequently, the deadlines to file his claims in the trial court were
January 19, 2009, January 23, 2009, February 22, 2009, and March 23, 2009,
respectively.  Martin did not file his
suit until April 2, 2009.

Substantially
all of Martin’s claims arise out of the facts associated with his allegations
of retaliation, his complaints about prison disciplinary procedures, or his
complaints about prison conditions.[6]  To the extent his petition presents specific
complaints and incidents not addressed in the grievances he provided to the
trial court, dismissal was proper because he failed to exhaust his
administrative remedies.  See Brewer, 268 S.W.3d at 767; Retzlaff, 94 S.W.3d at 653; see also Leachman v. Dretke, 261 S.W.3d
297, 308 (Tex. App.—Fort Worth 2008, no pet.) (holding that TDCJ disciplinary
decisions and “[a]llegations of reprisals by TDCJ employees against inmates for
filing grievances or lawsuits, or other inmate complaints about TDCJ employee
actions” are subject to grievance procedure).

Dismissal
of his remaining claims was proper because he did not file his claim in the
trial court “before the 31st day after the date [he received] the written
decision from the grievance system.”  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b); Brewer, 268 S.W.3d at 767; see
also Loyd v. Seidel, 281 S.W.3d 55, 56 (Tex. App.—El Paso 2008, no pet.)
(holding that lawsuit not timely filed at conclusion of grievance procedure is
barred); Scott v. Menchaca, 185
S.W.3d 543, 546 (Tex. App.—Corpus Christi 2006, no pet.) (affirming trial
court’s dismissal of inmate’s claims with prejudice for failure to exhaust
administrative remedies and comply with section 14.005).

Because we
affirm the trial court’s dismissal for failure to exhaust administrative
remedies and failure to comply with section 14.005(b), we do not address
Martin’s remaining complaints.

In addition, we are mindful that Martin has been declared a
vexatious litigant and is subject to a prefiling order.  See Tex. Civ. Prac. & Rem. Code §
11.101 (Vernon 2002); Office of Court
Administration, List of Vexatious
Litigants Subject to Prefiling Orders under Section 11.101, Civil Practice and
Remedies Code, available at www.courts.state.tx.us/oca/VexatiousLitigants.asp
(last updated Apr. 1, 2011).  The record reflects that he has brought
numerous suits on virtually identical grounds, most of which have been
expressly declared frivolous, and that he failed to receive and include in the
record permission for the filing of this suit. 
To permit him to bring his claims again would frustrate both the purpose
of the vexatious litigant statute, Tex.
Civ. Prac. & Rem. Code Ann. §§ 11.001–11.104 (Vernon 2002), and the
purpose of Civil Practice and Remedies Code section 14.004, requiring a
declaration describing the inmate’s previous suits “to curb the constant, often
duplicative, inmate litigation.”[7]  See
Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied).

CONCLUSION

We affirm the trial court’s dismissal of this case with
prejudice.

 

 

 

 

 

                                                          Evelyn
V. Keyes

                                                          Justice


 

Panel consists of Justices
Keyes, Sharp, and Massengale.

Justice Sharp, concurring.











[1]           There are no “appellees” in this case.  The suit was dismissed prior to service of
citation. 





[2]           Texas
Department of Criminal Justice, Institutional Division (“TDCJ-ID”).





[3]           TDCJ-ID’s
Ramsey 1 Unit.





[4]           See
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.002 (Vernon 2002).





[5]               We
note that several of the documents filed by Martin have various, earlier dates
listed within the body of the documents, indicating that they may have been
written prior to April 2, 2009.  However,
Martin does not argue that the April 2, 2009 file stamp is incorrect, nor does
he provide any information regarding how the documents came to be filed with
the trial court.  The record does not
contain any documentation or other indication that Martin’s petition should have
been deemed filed on a different date.  See, e.g., Ramos v. Richardson, 228 S.W.3d 671, 673 (Tex. 2007) (holding that
petitioner had burden of “providing some measure of proof” regarding date of
filing of notice of appeal and holding that “filing letter” accompanying notice
of appeal that stated date notice was place in prison’s outgoing mail
constituted such proof).





[6]               Martin
also attempted to state a cause of action against two fellow inmates for breach
of fiduciary duty.  However, Texas law
does not support such a claim.  Likewise,
there is no arguable basis in law for Martin’s allegations against various
officials for violations of the Penal Code. 
See A.H. Belo Corp. v. Corcoran,
52 S.W.3d 375, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (stating
that Penal Code does not create private cause of action); see also Brown v. De La Cruz, 156 S.W.3d 560, 567 (Tex. 2004)
(“[T]oo permissive an implication of private civil actions to enforce penal
acts would sometimes supplant not just the criminal law but the criminal courts
as well.”).  Finally, Martin’s
allegations against the Brazoria County District Attorney under section 7.001
of the Civil Practice and Remedies Code for neglect of the duty to investigate
are not supported by any arguable basis in law because Martin did not allege that
“a clerk, sheriff, or other officer . . . neglect[ed] or refus[ed] to perform a
duty required under the Texas Rules of Civil Procedure or under a provision of
[the Civil Practice and Remedies Code] derived from those rules. . . .”  See Tex. Civ. Prac. & Rem. Code Ann. §
7.001 (Vernon Supp. 2010).





[7]               We
note that the district clerk has a duty not to file a litigation presented by a
vexatious litigant subject to a prefiling order under Civil Practice and
Remedies Code section 11.101 unless the litigant first obtains an order from
the local administrative judge permitting the filing.  See
Pease v. First Nat’l Bank of Giddings, No. 03-09-00551-CV, 2011 WL 182877,
at *1 (Tex. App—Austin Jan. 20, 2011, no pet. h.) (mem. op.) (citing Tex. Civ. Prac. & Rem. Code Ann. §
11.103(a) (Vernon 2002)).  “If the clerk
mistakenly files a litigation without an order from the local administrative
judge, any party may file with the clerk and serve on the plaintiff and the
other parties to the suit a notice stating that the plaintiff is a vexatious
litigant subject to the prefiling order. . . .”  Id.
(quoting Tex. Civ. Prac. & Rem. Code
Ann. § 11.103(b)).  After the
notice is filed, the trial court “shall dismiss the litigation unless the
plaintiff, not later than the 10th day after the date the notice is filed,
obtains an order from the local administrative judge . . . permitting the
filing of the litigation.”  Id. 
There is no evidence that Martin followed these procedures.