

# NUMBER 13-11-00322-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**BOBBY KELLY,**                                               **Appellant,**

**v.**

**OSCAR MENDOZA, ET AL.,**                                 **Appellees.**

---

### On appeal from the 36th District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

In this inmate litigation, by five issues,[1] appellant pro se Bobby Kelly, challenges the

trial court's "Order and Final Judgment" dismissing his lawsuit against appellees, Oscar

---

[1] Kelly's five issues are whether: (1) the district court properly determined there is no arguable basis in law for the suit; (2) Kelly's factual allegations of an unprovoked beating from prison staff raised a material issue under the Eighth Amendment of the United States Constitution; (3) Kelly's factual allegations of intentional denial of medical care by medical staff raised a material issue under the Eighth Amendment of the United States Constitution; (4) Kelly's factual allegations of denial of reasonable safety/protection by prison staff raised a material issue under the Eighth Amendment of the United States Constitution; and (5) Kelly's factual allegations of intentional destruction of authorized property by prison staff raised a material issue under the Sixth Amendment of the United States Constitution.

Mendoza, Richard Crites, Norris Jackson, Aurelio Ambriz, Evelyn Castro, William Burgin, Luis Pulido, James Fitts, M.D., Joe Mireles, Ella Chudej, Hilda Silvas, Jeremy Posada, Joella Puenta, Jason Trevino, and Pamela Thompson. The trial court dismissed Kelly's lawsuit with prejudice pursuant to Chapter 14 of the Texas Civil Practices and Remedies Code. *See generally*, TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2002 & West Supp. 2011). We affirm the trial court's order of dismissal.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Acting *pro se*, Kelly, an inmate in the Texas Department of Criminal Justice, Institutional Division, sued appellees *in forma pauperis*, alleging causes of action under 42 U.S.C. §1983, the Texas Constitution, and various statutes. Appellees moved to dismiss Kelly's lawsuit pursuant to Civil Practice and Remedies Code sections 14.004 and 14.005, arguing that Kelly failed to file a proper affidavit of previous filings and failed to demonstrate his exhaustion of administrative remedies. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004–.005 (West 2002 & West Supp. 2011). The trial court concluded appellees' motion was meritorious and dismissed Kelly's lawsuit with prejudice. This appeal followed.

## II. ANALYSIS

By his first issue, appellant argues that the trial court erred by granting appellees' motion to dismiss because its conclusion that there was no basis in law for the suit is

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

erroneous[3] and because the suit should not have been dismissed for lack of a proper affidavit of previous lawsuits.

Appellees moved to dismiss under section 14.004 because Kelly's affidavit of prior lawsuits did not satisfy all of the requirements of section 14.004. *See id.* § 14.004. For example, appellees argued Kelly's affidavit omitted the operative facts of each prior suit. *See id.* Appellees also moved to dismiss under section 14.005 because Kelly failed to demonstrate his exhaustion of administrative remedies. *See id.* § 14.005. In their motion, appellees argue that in connection with "some nineteen grievances," Kelly failed to satisfy various statutory requirements to exhaust his administrative remedies. Appellees attached a copy of multiple grievance forms that Kelly completed after filing suit as evidence in support of their motion.

A dismissal under section 14.004 is without prejudice if the litigant can correct the error in the future by filing a proper affidavit relating to his previous filings. *See Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied); *see also Adams v. State*, No. 13-11-00173-CV, 2011 WL 4840963, at *5 (Tex. App.—Corpus Christi Oct. 13, 2011, pet. denied) (mem. op.). A trial court may dismiss a claim with prejudice under section 14.005 when the failure to exhaust administrative remedies cannot be corrected. *See Scott v. Menchaca*, 185 S.W.3d 543, 546 (Tex. App.—Corpus Christi 2006, no pet.).

In this case, appellant's brief contains no citations to the record to support his request for relief on appeal. In addition, appellant presents no argument or authority for the proposition that the trial court erred by dismissing his claims with prejudice under section

---

[3] The record does not show that the trial court dismissed Kelly's suit for lack of a basis in law.

14.005 for the failure to exhaust administrative remedies. Thus, Kelly's first issue presents nothing for appellate review because appellant failed to support this issue with appropriate argument and citations to the record and legal authority. *See* TEX. R. APP. P. 38.1(i) (providing the brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) (holding pro se litigants must comply with procedures established by rules notwithstanding the fact they are not licensed attorneys). Appellant's first issue is overruled.

In light of our disposition of appellant's first issue, it is unnecessary for us to reach Kelly's second through fifth issues. Appellant has failed to demonstrate that the trial court erred by dismissing his claims with prejudice pursuant to Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004–.005; *see also* TEX. R. APP. P. 47.1; 47.4.

## III. CONCLUSION

We affirm the trial court's judgment.

Gregory T. Perkes
Justice

Delivered and filed the
13th day of September, 2012.

4