

NUMBER 13-18-00104-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SALVADOR ZAVALA,                                                    Appellant,

v.

JANET SALLES, JENNIFER SMITH,
AND SHARON RUIZ,                                                    Appellees.

On appeal from the 343rd District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Contreras**

Appellant, Salvador Zavala, appeals the trial court's order dismissing with prejudice the underlying lawsuit against appellees Janet Salles, Jennifer Smith, and Sharon Ruiz for failure to comply with chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.010(a) (West, Westlaw

through 2017 1st C.S.). In one issue, Zavala contends that the trial court improperly dismissed Zavala's claims with prejudice prior to service of process and without holding a hearing. We affirm.

## I. BACKGROUND

Zavala is a Texas Department of Criminal Justice inmate at the McConnell Unit in Beeville, Texas. On June 29, 2017, he sued appellees regarding an incident where Zavala alleges he mailed 144 photos to a civilian who refused delivery of them, and the photos were seized upon their April 5, 2017 return to the McConnell Unit. Zavala brought claims of fraud, breach of contract, theft, conversion, and a violation of his Fourteenth Amendment right to Equal Protection, and he attached a declaration of his inability to pay costs. On August 24, 2017, the Office of the Attorney General filed an Amicus Curiae Motion to Dismiss. On February 6, 2018, the trial court dismissed this case for failure to comply with Chapter 14. This appeal followed.

## II. DISCUSSION

In Zavala's sole issue, he contends that the trial court improperly dismissed Zavala's claims with prejudice prior to service of process and without holding a hearing.

## A. Applicable Law and Standard of Review

We review a trial court's dismissal of a claim pursuant to chapter 14 under an abuse of discretion standard. *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *Scott v. Menchaca*, 185 S.W.3d 543, 545 (Tex. App.—Corpus Christi 2006, no pet.). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *McClain v. Terry*, 320

S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer*, 701 S.W.3d at 242; *see Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). "Because the trial court did not specify the grounds for dismissal, we will affirm the decision if any theory is meritorious." *McClain*, 320 S.W.3d at 398.

Chapter 14 of the Texas Civil Practice and Remedies Code governs lawsuits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West, Westlaw through 2017 1st C.S.); *Donaldson v. Tex. Dep't of Crim. Justice-Corr. Inst. Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied); *In re Simmonds*, 271 S.W.3d 874, 876 (Tex. App.—Waco 2008, orig. proceeding). A trial court has the discretion to dismiss an inmate's lawsuit if the allegation of poverty in the indigence affidavit is false. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1) (West, Westlaw through 2017 1st C.S.).

To enable the trial court to determine whether an inmate is indigent, the inmate is required to file a certified copy of his inmate trust account "reflect[ing] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." *Id.* § 14.006(f) (West, Westlaw through 2017 1st C.S.). An inmate at the TDCJ–ID "who has no money or property is considered indigent." *Donaldson*, 355 S.W.3d at 725; *McClain*, 320 S.W.3d at 397. "However, '[a]n inmate who has funds in his trust account is not indigent.'" *Donaldson*, 355 S.W.3d at 725 (quoting *McClain*, 320 S.W.3d at 397); *but see Leachman v. Stephens*, No. 02-13-

3

00357-CV, 2016 WL 6648747, at *12 (Tex. App.—Fort Worth Nov. 10, 2016, pet. denied) (noting that "[c]omplete destitution is not a prerequisite to establishing indigence" and rejecting appellees' argument that "only inmates with no money are considered indigent").

A dismissal with prejudice is a ruling on the merits and is therefore improper if the trial court's dismissal is based on procedural defects that the inmate can remedy. *See Garrett v. Williams,* 250 S.W.3d 154, 160 (Tex. App.—Fort Worth 2008, no pet.); *Hickman v. Adams,* 35 S.W.3d 120, 125 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that dismissal under section 14.004 is not dismissal on the merits and thus trial court abuses its discretion if it dismisses with prejudice a claim where procedural defect can be remedied). However, if the trial court's dismissal is based on the conclusion that the inmate's claim has no arguable basis in law, then a dismissal with prejudice is proper. *See Nabelek v. Dist. Att'y of Harris Cnty.,* 290 S.W.3d 222, 233 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

B.     Analysis

In this case, Zavala's account statement shows total deposits of $607.80 over the last six months, a six-month average balance of $40.76, and six-month average monthly deposits of $101.30, with a final balance of $56.44 at the time suit was filed. Accordingly, since Zavala had funds in his trust account, the trial court did not abuse its discretion in dismissing Zavala's lawsuit on the basis that his indigence affidavit contained a false statement of poverty. *See Donaldson*, 355 S.W.3d at 725 (holding no abuse of discretion in dismissing inmate claim for false allegation of poverty where average monthly balance was $63.42 and deposits in six-month period totaled $1,020.00); *see also Zavala v. Matthew*, No. 13-17-00009-CV, 2018 WL 286257, at *2 (Tex. App.—Corpus Christi Jan.

4

4, 2018, pet. denied) (mem. op.) (holding same where account had zero balance as of date of account statement, but six-month average balance was $33 and six-month average monthly deposits were $75.33); *Whitmire v. Guerra*, No. 04–13–00477–CV, 2014 WL 235210, at *2 (Tex. App.—San Antonio Jan. 22, 2014, pet. denied) (mem. op.) (holding same where account had $20.34 when the underlying cause was filed, the six-month average monthly balance was $43.64, the six-month average monthly amount deposited was $77.59, and a total of $465.51 had been deposited into the account in the six months preceding suit); *Skinner v. Tex. Dep't of Crim. Justice Corr. Inst. Div.*, No. 12–12-00091-CV, 2013 WL 543452, at *2–3 (Tex. App.—Tyler Feb.13, 2013, no pet.) (mem. op.) (holding same where account had average balance of $21.36 in six months preceding suit and $440.00 had been deposited into account during prior six months); *Estrada v. Angleton Bail Bonds*, No. 14–04–00166–CV, 2004 WL 1631125, at *2 (Tex. App.—Houston [14th Dist.] July 22, 2004, no pet.) (mem. op.) (holding same where $350.00 had been deposited into account over prior six-month period).

The Texas Tort Claims Act (TTCA) provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West, Westlaw through 2017 1st C.S.). The claims set forth in Zavala's petition, taken as true, are based only on the conduct of appellees that was within the general scope of their employment with TDCJ. *See id.* Further, his claims "could have been brought under [the TTCA] against" TDCJ. *See*

5

*Franka v. Velasquez*, 332 S.W.3d 367, 370 (Tex. 2011); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) ("Because the [TTCA] is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the TTCA]' for purposes of section 101.106."). Accordingly, upon motion filed by any appellee, the trial court would be required to dismiss Zavala's suit, unless he filed amended pleadings dismissing appellees as parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). Either way, due to application of TTCA section 101.106(f), Zavala's claims had no arguable basis in law. *See id.* § 14.003(b)(2). Therefore, the trial court did not err in dismissing those claims with prejudice. *See Nabelek,* 290 S.W.3d at 233.

We overrule Zavala's sole issue.

### III. CONCLUSION

The trial court's order is affirmed.

DORI CONTRERAS
Justice

Delivered and filed the
12th day of July, 2018.

6