In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00594-CV

_____

**LUIS A. MENDOZA, Appellant**

**V.**

**BRAD LIVINGSTON, ET AL, Appellees**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. 27274**

**MEMORANDUM OPINION**

Luis A. Mendoza ("Mendoza"), an inmate at the Polunsky Unit in Livingston, Texas, proceeding pro se, filed an *in forma pauperis* civil suit against seven[1] employees of the Texas Department of Criminal Justice ("TDCJ"). The trial court dismissed the suit because Mendoza failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001 – 14.014 (West 2002 & Supp. 2013). Mendoza

_____

[1]The complaint filed by Mendoza lists only six named defendants for service of process, but on page fifteen of the petition Mendoza names a seventh person.

1

raises five issues on appeal. We overrule each issue and affirm the trial court's judgment.

## Background

In his petition, Mendoza alleged that before he was transferred to the Polunsky Unit from the McConnell Unit, he ordered two replacement typewriter ribbons from an outside vendor. He stated that he never received the ribbons, yet the funds[2] were deducted from his inmate trust account. Mendoza alleged he received a letter from the vendor stating that the vendor mailed the ribbons to the McConnell Unit. Mendoza filed a Step 1 and a Step 2 Grievance relating to the typewriter ribbons. According to Mendoza, neither the McConnell Unit nor the Polunsky Unit could locate the ribbons, and the grievances were denied.

Mendoza's civil suit sought declaratory and injunctive relief, as well as damages against each defendant. Mendoza filed several documents with his petition, including one styled "Affidavit Relating to Previous Filings" and another styled "Application to Proceed *In Forma Pauperis*." Both documents are required by Chapter 14. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002, 14.004 (West Supp. 2013). Mendoza alleges that the defendants failed to investigate his claims,

---

[2]The amount deducted from his account for the typewriter ribbons was $32.00.

intentionally deprived him of his property, and engaged in a "pattern or practice" of sham investigations of his grievances.

Consistent with the statutory provisions of Chapter 14, the trial court asked the Attorney General to review the pleadings, affidavits, unsworn declarations, and exhibits, and also requested a recommendation as to whether Mendoza complied with Chapter 14. The Attorney General filed its "Amicus Curiae Chapter 14 Advisory," expressing the opinion that the trial court would not abuse its discretion either in dismissing the suit for failing to comply with Chapter 14's procedural requirements or in dismissing the suit as frivolous without a hearing. Mendoza filed a response. The trial court dismissed the suit "as frivolous for failure to comply with Chapter 14" and issued a final judgment.

Mendoza appealed.[3] In five appellate issues, he argues: (1) the trial court erred by denying him a right to due course of law when it failed to consider or rule on motions he claims he filed; (2) the trial court erred in not permitting him to amend his complaint; (3) the trial court erred in dismissing the suit when there is no evidence that he acted in bad faith; (4) the trial court erred by not acknowledging that his factual allegations raised a "material issue" regarding the

---

[3]Mendoza also filed a "Notice to the Court of His Ability to Pre-Pay His Appeal Court Fees," and he requested that the costs for his appeal be taken out of his "trust account."

alleged inadequacy of his post deprivation remedy; and (5) the trial court erred by violating his due process rights and denying him a chance to be heard.

Dismissal Pursuant to Chapter 14

Under Chapter 14, a trial court may dismiss a claim filed by an inmate if the court finds that (1) the allegation of poverty in the affidavit or unsworn declaration is false, (2) the claim is frivolous or malicious, or (3) the inmate filed an affidavit or unsworn declaration required by Chapter 14 that the inmate knew was false. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (West 2002). A trial court may dismiss a claim as frivolous under Chapter 14 if the claim has no arguable basis in law or in fact. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(2) (West 2002); *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.). If there has been no fact hearing, the review regarding the frivolousness of the claim is limited to the question of whether the claim has an arguable basis in law. *Fernandez*, 341 S.W.3d at 13. We will affirm the trial court's decision if any theory is meritorious. *See McGoldrick v. Velasquez*, No. 13-12-00766-CV, 2013 Tex. App. LEXIS 9245, at *3 (Tex. App.—Corpus Christi July 25, 2013, no pet.) (mem. op.) (citing *Walker v. Gonzales Cnty. Sheriff's Dep't*, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi 2000, pet. denied)).

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard, and we will reverse the dismissal only if we conclude

4

that the trial court acted without reference to any guiding rules or principles. *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2000, no pet.). In the context of a Chapter 14 claim, the trial court's discretion to determine whether the inmate's complaint should be dismissed has been described as "broad" for several reasons:  prisoners have a strong incentive to litigate, the government bears the cost of an *in forma pauperis* suit, sanctions against the inmate are not effective, and dismissal of unmeritorious claims benefits the courts and others who have meritorious claims. *See Donaldson v. Tex. Dep't of Criminal Justice—Corr. Insts. Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied).

Chapter 14 includes several requirements that an inmate must satisfy in order to bring a civil suit. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004 (West Supp. 2013), § 14.005 (West 2002). The inmate must file an affidavit or unsworn declaration of inability to pay costs (affidavit of indigency), an affidavit regarding exhaustion of administrative remedies if the claim is subject to section 501.008 of the Texas Government Code (affidavit of exhaustion), and an affidavit regarding the inmate's previous lawsuit filings (affidavit of previous suits). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004, 14.005. Each of the affidavits must include certain statutorily required information. Rule 145(b)

of the Texas Rules of Civil Procedure sets forth the required contents of an affidavit of indigency. *See* Tex. R. Civ. P. 145.

The inmate must also file a certified copy of his inmate trust account statement that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." Tex. Civ. Prac. & Rem. Code Ann. § 14.004(c) (West Supp. 2013), § 14.006(f) (West 2002). The inmate trust account statement assists the trial court in its determination of indigency. *See id*. §§ 14.004(c), 14.006(f). Section 14.006 also contains a formula by which the trial court may order the inmate to pay court costs and fees out of the inmate's trust account. *See id*. § 14.006.

Failure to meet any one of the requirements in Chapter 14 is sufficient grounds for a trial court to dismiss the suit. *See Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). The dismissal can be made by the trial court before or after the defendant is served with process. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(1); *Burnett v. Sharp*, 328 S.W.3d 594, 597 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Mendoza filed an affidavit of indigency or unsworn declaration of inability to pay costs, an instrument styled as an affidavit regarding previous suits, and a certified copy of his inmate trust account statement. For purposes of our review,

we will focus primarily on Chapter 14's requirements relating to the affidavit of indigency because that issue is dispositive.[4]

Under Chapter 14, a trial court may dismiss the inmate's claim if the trial court finds the inmate's allegation of poverty in the affidavit or unsworn declaration is false. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(1). As a general rule, the test for determining an inmate's entitlement to proceed *in forma pauperis* is whether the record as a whole shows by a preponderance of the evidence that the inmate would be unable to pay the costs of his suit if he really wanted to and made a good faith effort to do so. *See Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (1942). However, an inmate who has funds in his inmate trust account at the time he files his affidavit of indigency is not considered indigent. *See Donaldson*, 355 S.W.3d at 725; *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.).

## Discussion

The certified statement of the inmate's trust account (hereinafter "Statement of Account") establishes that at the time Mendoza filed his complaint he had a balance of $6.15 in the account. The Statement of Account also shows the

---

[4]Mendoza also failed to include an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received by the inmate, as required by Section 14.005(a)(1).

following activity in the six months prior to the filing of the suit: the deposits to the account totaled $690.00, the six month average balance was $32.21, and the average deposit during the prior six months was $115.00.

Therefore, the Statement of Account establishes that Mendoza had funds in his inmate trust account during the preceding six month period, with regular deposits being made into the account, and he had a positive balance in his account at the time he filed his petition. Consequently, the trial court did not abuse its discretion in dismissing the claim, because Mendoza was not indigent and the affidavit of indigency was false. We conclude that Mendoza did not comply with the provisions and requirements of Chapter 14, and his allegation of inability to pay costs was false. We hold that the trial court did not abuse its discretion in dismissing Mendoza's suit.

Our decision today is consistent with the decisions from other appellate courts. *See, e.g., McGoldrick*, 2013 Tex. App. LEXIS 9245, at **3-4 (inmate not indigent when he had six month total deposits of $453.42); *Vega v. Tex. Dep't of Criminal Justice-Corr. Insts. Div.*, No. 12-10-00149-CV, 2011 Tex. App. LEXIS 5888, at *6 (Tex. App.—Tyler July 29, 2011, no pet.) (mem. op.) (inmate not indigent when he had total deposits of $530.00 over the prior six months); *McClain*, 320 S.W.3d at 398 (inmate not indigent when he had a six month average balance of $184.92); *Foster v. Comal Cnty. Sheriff*, No. 03-08-00539-CV, 2009

8

Tex. App. LEXIS 6370, at \*\*3-7 (Tex. App.—Austin Aug. 13, 2009, no pet.) (mem. op.) (inmate not indigent when he had total deposits of $551.63 in the three months surrounding the filing of petition); *McCullough v. Dretke*, No. 02-07-294-CV, 2008 Tex. App. LEXIS 6821, at \*\*7-8 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (mem. op.) (inmate not indigent when he had a six month average balance of $184.92).

We further conclude that the issues Mendoza raised have no merit. In issues one and two Mendoza asserts that the trial court failed to rule upon three pending motions he claims he filed: a motion for appointment of counsel, a motion to amend the complaint, and a motion to modify the judgment. However, the only motion that appears in the record before us is a motion for appointment of counsel. When a trial court dismisses a matter under Chapter 14 and does not rule upon a motion for appointment of counsel, the trial court implicitly denies the motion by dismissing the suit without expressly ruling on the motion. *See Addicks v. Rupert*, No. 12-09-00288-CV, 2011 Tex. App. LEXIS 3260, at \*11 (Tex. App.—Tyler April 29, 2011, no pet.) (mem. op.) (citing to *Conely v. Tex. Bd. of Criminal Justice*, No. 03-08-00293-CV, 2010 Tex. App. LEXIS 3011, at \*\*6-7 (Tex. App.—Austin Apr. 22, 2010, no pet.) (mem. op.)).[5]

---

[5]Furthermore, this civil proceeding under Chapter 14 does not present "exceptional circumstances" that might otherwise warrant the requirement of

Even if the record included the motion for leave to amend or motion to modify, which Mendoza claims he filed after the judgment,[6] a trial court does not abuse its discretion by refusing to allow an inmate to amend his complaint after a judgment of dismissal, or by failing to rule upon a motion to modify when the court has determined the inmate made a false statement in his declaration of inability to pay costs. *See Skinner v. Tex. Dep't of Criminal Justice*, No. 12-13-00123-CV, 2013 Tex. App. LEXIS 11209, at *7 (Tex. App.—Tyler Aug. 30, 2013, pet. filed). We overrule issues one and two.

In issue three, Mendoza maintains he acted in good faith when he declared that "because of [his] poverty [he was] unable to pay the costs of said proceeding or to give security therefore[.]" As we have noted, section 14.003(a)(1) provides that a trial court may dismiss a claim if the court finds that the allegation of poverty in the affidavit or unsworn declaration is false. The statutory provision does not require a finding of bad faith, good faith, or any other intent. The trial

---

appointed counsel. *See generally Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003) ("The mere fact that an indigent inmate brings a cause of action against an employee of the prison . . . does not constitute exceptional circumstances such that it warrants appointed counsel.").

[6]Mendoza alleges he filed his motion for leave to amend and motion to modify judgment on September 30, 2013, but, as noted herein, neither appears in the record. Because the order of dismissal was signed by the trial judge on September 14, 2012, the trial court's plenary jurisdiction had already expired when Mendoza allegedly filed these two motions. Tex. R. Civ. P. 329b(d).

court may dismiss the suit if the inmate failed to comply with the requirements of Chapter 14. Accordingly, we overrule issue three.

As to issue four, we reject Mendoza's claim that he was not afforded an adequate post-deprivation remedy that would satisfy the due process clause. He claims that the TDCJ employees, while acting under color of state law, deprived him of his property and thus of his due process rights. Mendoza's due process argument is essentially an attempt to make a claim under 42 U.S.C.A. § 1983. "[A] state prison official's unauthorized intentional act that deprives an inmate of property is not a constitutional violation if there exists an adequate post-deprivation remedy." *Hamilton v. Pechacek*, 319 S.W.3d 801, 814 (Tex. App.— Fort Worth 2010, no pet.) (citing *Hudson v. Palmer*, 468 U.S. 517, 535 (1984)); *see also Jones v. Copeland*, No. 07-11-00437-CV, 2012 Tex. App. LEXIS 6889, at **10-11 (Tex. App.—Amarillo Aug. 16, 2012, no pet.) (mem. op.). Texas law provides "at least two [adequate post-deprivation] remedies:  (1) the tort of conversion; . . .  and (2) an administrative remedy under sections 501.007 and 501.008 of the Government Code." *Fernandez*, 341 S.W.3d at 13. Mendoza had an adequate post-deprivation remedy and, therefore, he has no arguable basis for asserting a due process claim for the intentional destruction or deprivation of his property by a prison official. *See Pechacek*, 319 S.W.3d at 814. Therefore, we overrule issue four.

11

Finally, as to the fifth issue raised by Mendoza, we conclude that the trial court did not err in deciding to dismiss his claim without conducting a hearing. A trial court has the discretion under Chapter 14 to dismiss the claim, and the inmate has no right to present evidence or appear in person at a hearing on the motion to dismiss. *See Donaldson*, 355 S.W.3d at 725 (evidentiary hearing not required); *Pechacek*, 319 S.W.3d at 808 (Inmate had no right to a hearing or to appear at the hearing on a dismissal.); *Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2002, no pet.) (due process not violated by the trial court's refusal to conduct a hearing). We overrule issue five.

We affirm the trial court's judgment of dismissal.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on December 13, 2013
Opinion Delivered February 20, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.