NO. 12-10-00289-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JONATHAN DONALDSON,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *TEXAS DEPARTMENT OF CRIMINAL JUSTICE–CORRECTIONAL INSTITUTIONS DIVISION AND PATRICIA CHAMBERLAIN,* | | |
| *APPELLEES* | § | *ANDERSONCOUNTY, TEXAS* |

## *OPINION*

Jonathan Donaldson appeals from the trial court's dismissal of his suit under Chapter Fourteen of the Texas Civil Practice and Remedies Code. He raises four issues on appeal. We affirm.

### BACKGROUND

Donaldson, an inmate, claims that Patricia Chamberlain, a TDCJ employee, confiscated approximately twelve pictures of his girlfriend during a cell search on April 19, 2010. According to Donaldson, Chamberlain turned the photos in to the property room, and at some later time, Chamberlain allowed the photos "to become lost." Donaldson filed suit, alleging that Chamberlain's actions violated his federal due process rights under the Fourteenth Amendment to the United States Constitution, and also brought a claim under the Texas Theft Liability Act (the Act), claiming that Chamberlain's confiscation of the photos and their subsequent loss violated the Act. Donaldson sought $3,000 in compensatory damages and $9,000 in punitive damages, as well as declaratory and injunctive relief.

Donaldson brought his pro se *in forma pauperis* suit as an indigent inmate. Therefore, the suit is governed by the procedural requirements of Chapter Fourteen in the civil practice and remedies code. As required by Chapter Fourteen, Donaldson attached an unsworn declaration of indigency to his petition. The trial court found that Donaldson was not indigent and his

declaration of indigency was false, dismissed his lawsuit, and assessed costs against Donaldson in the amounts allowed by Chapter Fourteen. This appeal followed.

<u>DISMISSAL OF SUIT</u>

In his second issue, Appellant argues that the trial court erred and abused its discretion when it dismissed his suit for making false allegations of poverty in his unsworn declaration.

**Standard of Review**

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. ***Hickson v. Moya***, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. ***Lentworth v. Trahan***, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. ***Johnson v. Lynaugh***, 796 S.W.2d 705, 706-07 (Tex. 1990); ***Birdo v. Ament***, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See **Montana v. Patterson***, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

**Applicable Law**

Chapter Fourteen of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate filed an affidavit or unsworn declaration of inability to pay costs.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); ***Hickson***, 926 S.W.2d at 398. The inmate must comply with the procedural requirements set forth in Chapter Fourteen. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002). Failure to fulfill those procedural requirements will result in the dismissal of an inmate's suit. *See **id**.* § 14.003 (Vernon 2002); ***Brewer v. Simental***, 268 S.W.3d 763 (Tex. App.–Waco 2008, no pet.) (citing ***Bell v. Texas Dep't of Crim. Justice-Institutional Div.***, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied)).

One such procedural requirement is that the affidavit or unsworn declaration of poverty must actually be true and meet certain disclosure standards. *See **id**.* §§ 14.002(a), 14.003(a)(1); TEX. R. CIV. P. 145. "A 'party who is unable to afford court costs' is defined as a person who is

---

[1] Chapter Fourteen does not apply to an action brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. 14.002(b) (Vernon 2002).

2

presently receiving a government entitlement based on indigency or any other person who has no ability to pay costs." TEX. R. CIV. P. 145(a).

> The affidavit must contain complete information as to the party's identity, the nature and amount of governmental entitlement income, nature and amount of employment income, other income (interest, dividends, etc.), spouse's income if available to the party, property owned (other than homestead), cash or checking account, dependents, debts, and monthly expenses.

TEX. R. CIV. P. 145(b).

Generally, the test for determining entitlement to proceed *in forma pauperis* is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of his suit if he really wanted to and made a good faith effort to do so. *See Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996). A prisoner at a Texas Department of Criminal Justice facility who has no money or property is considered indigent. *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.–El Paso 2010, no pet.) (citing *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980)). However, "[a]n inmate who has funds in his trust account is not indigent." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(b)(1)). The statute outlines a formula by which an inmate's trust funds can be utilized for payment of costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(b)(1).

**Discussion**

When Donaldson filed suit, he attached an affidavit of indigency. He also attached a certified copy of his inmate trust account statement as required by the statute. *See id.* §§ 14.004(c), 14.006(f). At the time the trust account statement was prepared, Donaldson had a balance of $233.75, and the average monthly balance in the six month period preceding his suit was $63.42. The average amount deposited each month in the preceding six months was $170.00. Also, in the six months preceding the filing of his lawsuit, $1,020.00 had been deposited in Donaldson's account, $625.00 of which had been deposited in the three month period prior to the date Donaldson filed suit. A trial court does not abuse its discretion in dismissing a suit when the plaintiff makes a false allegation of poverty in a suit governed by Chapter Fourteen. *McClain*, 320 S.W.3d at 398. Since Donaldson had funds in his inmate trust account, he is not indigent for Chapter Fourteen purposes, and his allegation of poverty was false. *See id.*; *see also Foster v. Comal Cnty. Sheriff*, No. 03-08-00539-CV, 2009 WL 2476652, at *2 (Tex. App.–Austin Aug. 13, 2009, no pet.) (mem. op.) (citing TEX. R. CIV. P. 145(a) (defining "party who is unable to afford costs" as "a person who is presently receiving a governmental entitlement based on indigency . . . who has *no ability* to pay costs" (emphasis

added)); TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2004) (authorizing withdrawal of money from inmate trust accounts "as payment in full for all orders for court fees and costs")).

In a related subissue, Donaldson appears to complain that he was denied a hearing to determine his indigency. However, the plain language of Section 14.003(c) indicates that the court's determination to hold a hearing is discretionary. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c); *see also* **Thomas v. Wichita Gen. Hosp.**, 952 S.W.2d 936, 938 (Tex. App.–Fort Worth 1997, pet. denied). Moreover, a hearing was unnecessary because the certified trust account statement provided ample evidence for the trial court to determine that Donaldson was not "indigent" as that term is used in the pro se inmate *in forma pauperis* context.

Donaldson's second issue is overruled.

## COSTS

In his third issue, Donaldson argues that the trial court erred and abused its discretion when "it entered a collection order for the collection of court fees and costs in the sum of $244.00 for expenses [ ] that were not incurred by [him], . . . [and could not] be assessed by the district clerk under applicable state law." In particular, Donaldson argues that the only costs he could have incurred in connection with the filing of his suit were the district clerk filing fee of $50.00, $10.00 for records management and preservation fees, and $15.00 for the court reporter fee.

First, the language of the trial court's collection order tracked the payment schedule as required by Chapter Fourteen. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006. Next, with regard to the fees themselves, the Office of Court Administration has compiled an itemized list of all filing fees that may be charged to litigants by the district clerk for 2010, the year in which Donaldson filed suit.[2] That list contains a description of all fees, the amounts to be charged, and the statutory source law authorizing each fee. Donaldson cites only some of the sections authorizing the collection of fees by the district clerk in lodging his fee complaint. *See* TEX. GOV'T CODE ANN. §§ 51.317 (Vernon Supp. 2010) (filing fees and record management fee), 51.601 (Vernon Supp. 2010) (court reporter fee). However, Donaldson ignored other fees that the district clerk could collect in connection with the filing of a civil suit such as his. *See, e.g., id.* §§ 22.2131 (Vernon Supp. 2010) (appellate judicial system fee), 51.305 (Vernon Supp. 2010) (district court records archive fee), 51.708 (court records preservation fee) (Vernon Supp. 2010); TEX. LOC. GOV'T CODE ANN. §§ 133.151 (Vernon 2008) (consolidated state fee), 133.154

---

[2] *See* http://www.courts.state.tx.us/oca/pdf/DistrictClerkCivilFilingFees2010.pdf.

(Vernon 2008) (judicial support fee), 291.008 (Vernon 2005) (courthouse security fee), 323.023 (Vernon 2005) (law library fee).

Donaldson also complains of a sheriff's jury fee assessed against him in the amount of $22.00. The Texas Constitution establishes the commissioners' court as the governing body of the county. TEX. CONST. art. V, § 18. Thus, the commissioners' court of a county can set a reasonable fee for services provided by sheriffs. *See* TEX. LOC. GOV'T. CODE ANN. § 118.131(a) (Vernon 2008); *see also **Harris Cnty. v. Proler***, 29 S.W.3d 646, 648 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The commissioners' court must provide written notice of the amounts of the fees to the Texas Comptroller of Public Accounts. *See **id.*** at § 118.131(f). The comptroller's office is then required to compile a list of fees charged by Texas sheriffs in discharging their duties as set by the commissioners' court of the relevant county. *See **id***. For the Anderson County Sheriff's Office in 2010, the applicable $22.00 fee is a "Sheriff's Jury Fee."[3] Donaldson failed to show that the district clerk and sheriff's office's fees were not authorized by state law.

Donaldson's third issue is overruled.

### REMAINING ISSUES

Since it was proper for the trial court to dismiss Donaldson's suit because the allegation of poverty in his unsworn declaration of indigency was false, we need not consider his first issue in which he argues that the trial court abused its discretion in dismissing his suit as frivolous or malicious because it had no arguable basis in law. *See* TEX. R. APP. P. 47.1.

Finally, Appellant filed a reply brief, raising a new issue not raised in his original brief. We need not consider issues raised for the first time in a reply brief. *See* TEX. R. APP. P. 38.3; *see also **Anderson Producing Inc. v. Koch Oil Co.***, 929 S.W.2d 416, 424 (Tex.1996) (court declined to consider issue first raised in reply brief); ***Bankhead v. Maddox***, 135 S.W.3d 162, 164 (Tex. App.–Tyler 2004, no pet.). Therefore, we decline to do so.

### DISPOSITION

We *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[3] *See* http://www.texasahead.org/lga/sheriffs/sher10/2010S&CFeeManual.pdf.