

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00477-CV

Matthew D. **WHITMIRE**,
Appellant

v.

Joyce **GUERRA**, Vicky Barrow, Billie Harris and Rosalina Smith,
Appellees

From the 278th District Court, Walker County, Texas
Trial Court No. 26,139
Kenneth H. Keeling, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  January 22, 2014

AFFIRMED

Matthew D. Whitmire appeals the trial court's order dismissing the underlying cause as frivolous and for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm the trial court's order.

### BACKGROUND

Whitmire, an inmate, filed an *in forma pauperis* lawsuit against employees of the Texas Department of Criminal Justice – Institutional Division, alleging various claims relating to the confiscation and destruction of his legal material. The Office of the Attorney General filed an

amicus curiae advisory, asserting that the claims were frivolous and that Whitmire had failed to comply with several provisions of Chapter 14 of the Code. The trial court dismissed Whitmire's suit without identifying a specific basis for its order.

## STANDARD OF REVIEW

A trial court's dismissal of a claim pursuant to Chapter 14 is reviewed under an abuse of discretion standard. *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer*, 701 S.W.3d at 242; *see also Hickson*, 926 S.W.2d at 399. "Because the trial court did not specify the grounds for dismissal, we will affirm the decision if any theory is meritorious." *McClain*, 320 S.W.3d at 398.

## DISCUSSION

Chapter 14 governs lawsuits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. *Donaldson v. Tex. Dept. of Crim. Justice – Correctional Inst. Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied); *In re Simmonds*, 271 S.W.3d 874, 876 (Tex. App.—Waco 2008, orig. proceeding). A trial court has the discretion to dismiss an inmate's lawsuit if the allegation of poverty in the indigence affidavit is false. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1) (West 2002). The test for determining entitlement to proceed *in forma pauperis* is whether the appellant would be unable to pay the costs of his suit if he wanted to and made a good faith effort to do so. *Griffin Indus. v. Hon. Thirteenth*

*Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996) (quoting *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. Crim. App. 1980)); *Donaldson*, 355 S.W.3d at 725.

To enable the trial court to determine whether an inmate is indigent, the inmate is required to file a certified copy of his inmate trust account "reflect[ing] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(f) (West 2002). An inmate at the TDCJ "who has no money or property is considered indigent." *Donaldson*, 355 S.W.3d at 725; *McClain*, 320 S.W.3d at 397. "However, '[a]n inmate who has funds in his trust account is not indigent.'" *Donaldson*, 355 S.W.3d at 725 (quoting *McClain*, 320 S.W.3d at 397).

In this case, Whitmire had a balance in his trust account of $20.34 when the underlying cause was filed, and the average monthly balance in his account for the six-month period preceding the suit was $43.64. The average monthly amount deposited into his account during that same period was $77.59, and a total of $465.51 had been deposited into his account in the six months preceding suit. Accordingly, because Whitmire had funds in his trust account, the trial court would not have abused its discretion in dismissing Whitmire's lawsuit on the basis that his indigence affidavit contained a false allegation of poverty.[1] *See Skinner v. Tex. Dept. of Crim. Justice Correctional Inst. Div.*, No. 12-12-00091-CV, 2013 WL 543452, at *2-3 (Tex. App.—Tyler Feb. 13, 2013, no pet.) (mem. op.) (holding no abuse of discretion in dismissing inmate claim for false allegation of poverty where account had average balance of $21.36 in six months preceding suit and $440.00 had been deposited into account during prior six months); *Donaldson*, 355 S.W.3d at 725 (same where average monthly balance was $63.42 and deposits in six-month period totaled

---

[1] Because we affirm the trial court's order on this ground, we do not address the remaining grounds which could support the trial court's order. *See* TEX. R. APP. P. 47.1 (opinion should only address issues necessary for final disposition of appeal).

$1,020.00); *Estrada v. Angleton Bail Bonds*, No. 14-04-00166-CV, 2004 WL 1631125, at *2 (Tex. App.—Houston [14th Dist.] July 22, 2004, no pet.) (mem. op.) (same where $350 had been deposited into account over prior six month period).

## CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice