**Opinion issued December 4, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00577-CV

———————————

## ANGELO CLARK, Appellant

## V.

## CARLA CLARK, Appellee

On Appeal from the 257th District Court
Harris County, Texas
Trial Court Case No. 2012-69700

## MEMORANDUM OPINION

Proceeding as a pro se inmate, Appellant Angelo Clark petitioned for divorce from his wife, Carla Clark. With his petition for divorce, Clark filed an affidavit of inability to pay costs. *See* TEX. R. CIV. P. 145; TEX. CIV. PRAC. & REM. CODE ANN. § 14.004. (West Supp. 2014). The Harris County District Clerk filed a

contest to the affidavit. The trial court sustained the contest and ordered Clark to pay the fees. Because Clark failed to pay the fees, the trial court dismissed the case for want of prosecution. We conclude that Clark was indigent and not required to pay the fees, hold that the trial court abused its discretion in dismissing his case for want of prosecution, and reverse the trial court's dismissal order.

**Background**

Clark, an inmate of the Texas Department of Criminal Justice Institutional Division, filed a petition for divorce, based on Carla having abandoned the marriage, and an affidavit of inability to pay costs. Clark filed his affidavit with an unsworn declaration under Chapter 132 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West Supp. 2014) (unsworn declaration under penalty of perjury by an inmate in Texas Department of Corrections may be used in lieu of affidavit).

Clark averred specific facts supporting his inability to pay costs because of poverty:

> I have no income, own no property except items of personal hygi[e]ne and small appliances. I received gifts from family and friends from time to time in an unscheduled manner. I have no investment in any form, Stock nor bonds, nor funds of any type annuities or other.

Clark also included a copy of his inmate trust account statement, which shows that he had a zero balance for the six months prior to his petitioning for divorce and filing his affidavit of indigency.

2

The district clerk filed a contest to the affidavit of indigence, primarily relying upon Chapter 14 of the Texas Civil Practice and Remedies Code, and the trial court held a hearing on the contest. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001 (West 2002); TEX. R. CIV. P. 145. Clark did not appear at the hearing, and the trial court took judicial notice that Clark was served notice of the hearing. The record reflects that neither the district clerk nor the trial court discussed the substance of Clark's affidavit or the district clerk's contest. The trial court sustained the contest and, on the same day, signed the Judgment and Order Sustaining Contest to Pauper's Oath, which ordered Clark to pay in full all filing fees in the amount of $311.00 plus any and all costs incurred in the process of the case. Two months later, the trial court dismissed the case for want of prosecution because Clark had failed to pay the fees.

## Discussion

### A. Standard of Review

We review the trial court's dismissal of an in forma pauperis suit under an abuse of discretion standard. *Donaldson v. Tex. Dep't of Criminal Justice-Corr. Insts. Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied) (citing *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ)). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Id.* (citing *Lentworth v. Trahan*, 981 S.W.2d

3

720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.)). We will affirm a dismissal if it was proper under any legal theory. *Id.*; *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990). "The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants." *Donaldson*, 355 S.W.3d at 724.

## B. Applicable Law

"The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 687 (Tex. 2008) (quoting *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19, 20 (1942)).

Chapter 14 of the Texas Civil Practice and Remedies Code governs suits brought by an inmate in which the inmate filed an affidavit or unsworn declaration of inability to pay costs, but does not apply to an action brought under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a), (b) (West Supp. 2014) ("This chapter does not apply to an action brought under the Family Code"). As

4

such, none of the Clerk's arguments in support of the contest were valid to the extent they relied upon Chapter 14.

Any party who is unable to afford costs associated with an original action, regardless of whether the party is an inmate, must file an affidavit in lieu of paying or giving security for such costs. TEX. R. CIV. P. 145(a). A party "unable to afford costs" is defined as a person who is presently receiving a governmental entitlement based on indigency or any other person who has no ability to pay costs. *Id.* Upon a party's filing of such an affidavit, the clerk must docket the action, issue citation, and provide such other customary services as are provided any party. *Id.* Texas Rule of Civil Procedure 145 requires that an affidavit of indigency include:

> complete information as to the party's identity, nature and amount of governmental entitlement income, nature and amount of employment income, other income, (interest, dividends, etc.), spouse's income if available to the party, property owned (other than homestead), cash or checking account, dependents, debts, and monthly expenses. The affidavit shall contain the following statements: "I am unable to pay the court costs. I verify that the statements made in this affidavit are true and correct." The affidavit shall be sworn before a notary public or other officer authorized to administer oaths.

TEX. R. CIV. P. 145(b).

Once a contest is filed, if the court finds at the first regular hearing in the course of the action that the party, other than a party receiving a governmental entitlement based on indigency, is able to afford costs, the party must pay the costs of the action. TEX. R. CIV. P. 145(d). A trial court that finds that a party is able to

afford costs must set forth its "[r]easons for such a finding" in an order. *Id.*
Except with leave of court, no further steps in the action will be taken by a party
who is found able to afford costs until payment is made. *Id.*

When an affidavit of indigence is filed pursuant to Rule 145, a trial court
may dismiss the case on a finding that the allegation of poverty in the affidavit is
false. TEX. CIV. PRAC. & REM. CODE ANN. § 13.001(a)(1) (West 2002); *In re
Kastner*, No. 14–09–00653–CV, 2009 WL 3401867, at *1 (Tex. App.—Houston
[14th Dist.] 2009, orig. proceeding [mand. denied]) (mem. op.) ("When the trial
court has sustained a contest to an affidavit of indigence filed pursuant to Texas
Rule of Civil Procedure 145, the court typically dismisses the case, finding the
allegation of poverty is false and/or the case is frivolous."). The purpose of section
13.001 is to ensure that limited resources are employed as efficiently as possible to
resolve arguable claims and claims without merit are dismissed at an early stage in
the proceedings. *Black v. Jackson*, 82 S.W.3d 44, 53 (Tex. App.—Tyler 2002, no
pet.); *Pedraza v. Tibbs*, 826 S.W.2d 695, 698 (Tex. App.—Houston [1st Dist.]
1992, writ dism'd w.o.j.).

## C. Analysis

In his sole issue, Clark challenges the trial court's order dismissing his
petition for divorce based upon the implied finding that his allegation of poverty
was false. Because Clark's petition for divorce, based on abandonment, was

6

brought under the Family Code, Chapter 14 of the Civil Practice and Remedies Code does not apply. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(b) ("This chapter does not apply to an action brought under the Family Code"); Tex. Fam. Code Ann. § 6.005 (West 2006) (court may grant divorce if one spouse left complaining spouse with intention of abandonment and remained away for at least one year). Accordingly, we review Clark's affidavit and the district clerk's contest only under Texas Civil Procedure Rule 145 and Chapter 13 of the Civil Practice and Remedies Code.

Here, the trial court's order sustaining the Clerk's contest did not expressly identify its statutory basis for dismissing Clark's case. But because the order sustaining the district clerk's contest stated that Clark was "able to pay all filing fees" and had not filed his affidavit in good faith, we conclude that the trial court's dismissal was based upon section 13.001(a)(1), which permits a court to dismiss a lawsuit upon finding that the allegation of poverty is false. *See Jackson v. North Forest Indep. Sch. Dist.*, No. 01-10-00010-CV, 2012 WL 246052, at *4 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (mem. op.) (trial court's dismissal based upon section 13.001(a)(1) where dismissal order did not state statutory basis for dismissing but expressly found appellants were able to pay all costs and "in its prior order sustaining the district clerk's contest, which the trial court effectively incorporated into its dismissal order, the trial court stated that [appellants] had not

filed their affidavit in good faith"); *see also In re Kastner*, 2009 WL 3401867, at *2 (noting that courts, after sustaining contest to affidavit of indigence, "typically" dismiss cases under grounds articulated in section 13.001).

In his affidavit, Clark averred that he was an inmate, had no income, owned no personal property, and had no investments. Clark's affidavit therefore complies in all material respects with Rule 145 and provided the information specifically articulated in the Rule, and we conclude that in considering the record as a whole, the preponderance of the evidence demonstrates that Clark was unable to pay the costs ordered by the trial court. *See In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011).

Additionally, if a trial court finds that a party is able to afford to pay court costs, the trial court's order must include "[r]easons for such a finding." *See* TEX. R. CIV. P. 145 ("If the court finds . . . that the party . . . is able to afford costs, the party must pay the costs of the action. Reasons for such a finding must be contained in an order.") This court has held that it is an abuse of discretion to sustain a contest and dismiss a lawsuit "[w]ithout any record as to why the trial court found the [appellants'] affidavit of indigency to be false, and without the benefit of any reasoning set forth by the trial court in its order sustaining the contest or in its subsequent dismissal order." *See Jackson*, 2012 WL 246052, at *5–6. Here, in addition to relying upon the inapplicable provisions of Chapter 14

of the Civil Practice and Remedies Code,[1] the district clerk's contest to Clark's affidavit included a general citation to Rule 145(b), the statutory language of 145(b), and the assertion that Clark "failed in complying with one or more of the statutory requirements of TRCP 145(b)."  At the hearing, the district clerk did not identify any errors or omissions in Clark's affidavit and the trial court ruled on the contest without any substantive discussion regarding the contest or affidavit.  The trial court's order sustaining the contest and its dismissal order set forth no reasoning to support its finding that Clark's allegation of poverty was false. Because the trial court failed to set forth any reasoning in its order sustaining the contest or in its subsequent dismissal order, we conclude that the trial court erred by dismissing Clark's suit.  *See Jackson*, 2012 WL 246052, at *5–6.

We sustain Clark's sole issue.

---

[1]    The district clerk's contest also alleged that Clark's affidavit failed to comply with statutory requirements under Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(a), (c), (f) (West Supp. 2014). But because Chapter 14 does not apply here, the trial court could not have properly sustained the contest based on such allegations.  *See id.* § 14.002(b) (West Supp. 2014) ("This chapter does not apply to any action brought under the Family Code").

9

## Conclusion

We reverse the trial court's order of dismissal and remand the case for further proceedings consistent with this opinion.


Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.