

# NUMBER 13-17-00009-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SALVADOR ZAVALA,                                                      Appellant,

v.

M. MATTHEW, ET AL,                                                   Appellees.

On appeal from the 36th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

Appellant Salvador Zavala appeals the trial court's order dismissing with prejudice the underlying lawsuit against appellees M. Matthew, C. Furr, Barry J. Thomas, and Kristine M. Zambrano, for failure to comply with chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.010(a) (West,

Westlaw through 2017 1st C.S.). In one issue, Zavala complains that the trial court abused its discretion in dismissing his lawsuit. We affirm.

## I. BACKGROUND[1]

Zavala, an inmate, filed an *in forma pauperis* lawsuit against four employees of the Texas Department of Criminal Justice—Institutional Division (TDCJ-ID). Zavala alleged that one of the employees stole his headphones, the other three employees "failed to correct said harm and committed fraud", and all of the employees engaged in a conspiracy to steal the headphones. Zavala asserted claims for theft, referencing the Texas Theft Liability Act, *see id.* § 134.003 (West, Westlaw through 2017 1st C.S.), fraud, and conspiracy to commit fraud. The Office of the Attorney General filed an *amicus curiae* motion to dismiss, arguing that Zavala's claims were frivolous and that Zavala filed a false declaration of indigency. The trial court dismissed Zavala's lawsuit with prejudice without specifying the reasons for its ruling. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

We review a trial court's dismissal of a claim pursuant to chapter 14 under an abuse-of-discretion standard. *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *Scott v. Menchaca*, 185 S.W.3d 543, 545 (Tex. App.—Corpus Christi 2006, no pet.). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v.*

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

*Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer*, 701 S.W.3d at 242; *see Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). "Because the trial court did not specify the grounds for dismissal, we will affirm the decision if any theory is meritorious." *McClain*, 320 S.W.3d at 398.

**B.    Applicable Law**

Chapter 14 of the Texas Civil Practice and Remedies Code governs lawsuits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. *Donaldson v. Tex. Dep't of Crim. Justice—Correctional Inst. Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied); *In re Simmonds*, 271 S.W.3d 874, 876 (Tex. App.—Waco 2008, orig. proceeding). A trial court has the discretion to dismiss an inmate's lawsuit if the allegation of poverty in the indigence affidavit is false. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1) (West, Westlaw through 2017 1st C.S.). The test for determining entitlement to proceed *in forma pauperis* is whether the appellant would be unable to pay the costs of his suit if he wanted to and made a good faith effort to do so. *Griffin Indus. v. Hon. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996) (quoting *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. Crim. App. 1980)); *Donaldson*, 355 S.W.3d at 725.

To enable the trial court to determine whether an inmate is indigent, the inmate is

3

required to file a certified copy of his inmate trust account "reflect[ing] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(f) (West, Westlaw through 2017 1st C.S.). An inmate at the TDCJ-ID "who has no money or property is considered indigent." *Donaldson*, 355 S.W.3d at 725; *McClain*, 320 S.W.3d at 397. "However, '[a]n inmate who has funds in his trust account is not indigent.'" *Donaldson*, 355 S.W.3d at 725 (quoting *McClain*, 320 S.W.3d at 397).

## C.    Analysis

Zavala's sole issue complains that the trial court abused its discretion in dismissing his lawsuit. In this case, Zavala had a balance in his trust account of $27.24 when the underlying cause was filed, and the average monthly balance in his account for the six-month period preceding the suit was $61.92. The average monthly amount deposited into his account during that same period was $162.50, and a total of $975.00 had been deposited into his account in the six months preceding suit. Accordingly, because Zavala had funds in his trust account, the trial court did not abuse its discretion in dismissing Zavala's lawsuit on the basis that his indigence affidavit contained a false allegation of poverty. *See Donaldson*, 355 S.W.3d at 725 (holding no abuse of discretion in dismissing inmate claim for false allegation of poverty where average monthly balance was $63.42 and deposits in six-month period totaled $1,020.00); *see also Whitmire v. Guerra*, No. 04-13-00477-CV, 2014 WL 235210, at *2 (Tex. App.—San Antonio Jan. 22, 2014, pet. denied) (mem. op) (holding same where account had $20.34 when the underlying cause was filed, the six-month average monthly balance was $43.64, the six-

4

month average monthly amount deposited was $77.59, and a total of $465.51 had been deposited into the account in the six months preceding suit); *Skinner v. Tex. Dep't of Crim. Justice Correctional Inst. Div.*, No. 12-12-00091-CV, 2013 WL 543452, at *2–3 (Tex. App.—Tyler Feb.13, 2013, no pet.) (mem. op.) (holding same where account had average balance of $21.36 in six months preceding suit and $440.00 had been deposited into account during prior six months); *Estrada v. Angleton Bail Bonds*, No. 14-04-00166-CV, 2004 WL 1631125, at *2 (Tex. App.—Houston [14th Dist.] July 22, 2004, no pet.) (mem. op.) (holding same where $350.00 had been deposited into account over prior six-month period).

We overrule Zavala's sole issue.

### III. CONCLUSION

The trial court's order is affirmed.

LETICIA HINOJOSA
Justice

Delivered and filed the
4th day of January, 2018.