

## NUMBER 13-17-00441-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**DANIEL GRUENFELDER,**                                                      **Appellant,**

**v.**

**KANDI TORRES, DOROTEO
FONSECA AND RAFAEL
MENCHACA,**                                                                  **Appellees.**

### On appeal from the 343rd District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Pro se appellant Daniel Gruenfelder appeals the trial court's order dismissing his

suit against appellees Kandi Torres, Doroteo Fonseca, and Rafael Menchaca.[1]  By two

---

[1] The appellees are officers of the Texas Department of Criminal Justice.  We will refer to them collectively as the officers.

issues, Gruenfelder contends that the trial court abused its discretion in dismissing his claims for theft and fraud.[2] We affirm.

## I. BACKGROUND

Gruenfelder is a Texas Department of Criminal Justice inmate at the McConnell Unit in Beeville, Texas. Gruenfelder, acting pro se, filed suit against the officers for theft and fraud alleging that the officers unlawfully appropriated his property. In addition, Gruenfelder filed a Declaration of Inability to Pay Court Costs and requested leave from the trial court to proceed *in forma pauperis*.

The Office of the Attorney General (OAG) filed an *Amicus Curiae* Motion to Dismiss alleging that (1) Gruenfelder failed to timely file suit as required by section 14.005 of the Texas Civil Practice and Remedies Code, (2) Gruenfelder's claim of indigency was false, (3) Gruenfelder's state law claims are barred by sovereign immunity, and (4) the officers are entitled to official immunity. The trial court dismissed Gruenfelder's claims with prejudice for failure to comply with Chapter 14.[3] This appeal followed.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

A lawsuit brought by an inmate who has filed an affidavit or unsworn declaration of inability to pay costs is governed by Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West, Westlaw through 2017 1st C.S.); *Donaldson v. Tex. Dep't of Crim. Justice-Corr. Inst. Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied). A trial court has the discretion to dismiss an inmate's lawsuit if the allegation of poverty in the indigence affidavit is false.

---

[2] The OAG filed an *Amicus Curiae* brief in this matter.

[3] The trial court specifically found that Gruenfelder was not indigent because he had over $1,000 in his inmate trust account for six consecutive months.

2

TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.003(a)(1) (West, Westlaw through 2017 1st C.S.); *Donaldson*, 355 S.W.3d at 724; *see also Zavala v. Salles*, No. 13-18-00104-CV, 2018 WL 3386368, at *2 (Tex. App.—Corpus Christi July 12, 2018, no pet.) (mem. op.) (concluding that the trial court had not abused its discretion in dismissing the appellant's claim because the evidence supported a finding that the appellant had falsely claimed to be indigent); *McGoldrick v. Velasquez*, No. 13-12-00766-CV, 2013 WL 3895315, at *1 (Tex. App.—Corpus Christi July 25, 2013, no pet.) (mem. op.).

An inmate claiming to be indigent is required to file a certified copy of his inmate trust account "reflect[ing] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM CODE ANN. § 14.006(f) (West, Westlaw through 2017 1st C.S.). An inmate "who has no money or property is considered indigent." *Donaldson*, 355 S.W.3d at 725; *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.); *see also Zavala*, 2018 WL 3386368, at *2; *McGoldrick*, 2013 WL 3895315, at *1. "However, '[a]n inmate who has funds in his trust account is not indigent.'" *Donaldson*, 355 S.W.3d at 725 (quoting *McClain*, 320 S.W.3d at 397); *see also Zavala*, 2018 WL 3386368, at *2; *McGoldrick*, 2013 WL 3895315, at *1.

A trial court's dismissal of a claim pursuant to Chapter 14 is reviewed for an abuse of discretion. *Scott v. Menchaca*, 185 S.W.3d 543, 545 (Tex. App.—Corpus Christi 2006, no pet.); *see also Zavala*, 2018 WL 3386368, at *2; *McGoldrick*, 2013 WL 3895315, at *1. A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his

3

discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* at 242.

### III. DISCUSSION

By his first and second issues, Gruenfelder contends that the trial court abused its discretion by dismissing his claims. In its motion to dismiss and on appeal, the OAG argues, among other things, that Gruenfelder made a false statement of indigency to the trial court, which supports the trial court's dismissal.[4]

In two similar cases, we concluded that the evidence supported the trial court's determination that the inmate's allegation of poverty was false. In *McGoldrick*, the evidence showed that (1) the inmate received $50.00 per month as gifts from relatives and friends, (2) deposits in the amounts of $50.00 to $153.00 were made to his inmate trust account within a six-month period, (3) the inmate's average balance for that six-month period was $36.18, and (4) the total deposits to his inmate trust account were $453.42. 2013 WL 3895315, at *1. In *Zavala*, the evidence showed that the inmate's account had deposits of $607.80 over the last six months, a six-month average balance of $40.76, a six-month average deposit of $101.30, and a final balance of $56.44 at the time the suit was filed. 2018 WL 3386368, at *2. We concluded that "since [the inmate] had funds in his trust account, the trial court did not abuse its discretion in dismissing [the inmate's] lawsuit on the basis that his indigence affidavit contained a false statement of poverty." *Id.*

---

[4] The trial court did not state its reason for dismissing Gruenfelder's claims. Thus, we will affirm the decision if any theory supports dismissal. *See Walker v. Gonzales County Sheriff's Dep't*, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi 2000, pet. denied).

Here, Gruenfelder stated that he receives $100 per month from his family, his trust account statement shows an average monthly deposit of $151.82, an average balance of $968.37, and a final balance of $372.76. Accordingly, because Gruenfelder had funds in his trust account, the trial court had sufficient evidence to support its ruling that Gruenfelder made a false allegation of poverty. *See Donaldson*, 355 S.W.3d at 725 (finding no abuse of discretion when trial court dismissed the inmate's claim for false allegation of poverty where average monthly balance was $63.42 and deposits in six-month period totaled $1,020.00); *McClain*, 320 S.W.3d at 397 (setting out that a prisoner who has no money or property is considered indigent and an inmate who has funds in his trust account is not indigent); *see also Zavala*, 2018 WL 3386368, at *2; *McGoldrick*, 2013 WL 3895315, at *1. Because the trial court properly dismissed Gruenfelder's claims on this basis, we overrule his first and second issues.

## IV. CONCLUSION

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
16th day of August, 2018.

5