

# NUMBER 13-18-00217-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SALVADOR ZAVALA,                                                    Appellant,

v.

L. CARRERA, COREY FURR,
JOE GONZALES, BRIAN COOK,
C. MARTINEZ AND TDCJ-CID,                                           Appellees.

## On appeal from the 156th District Court
of Bee County, Texas.

## MEMORANDUM OPINION

## Before Justices Benavides, Hinojosa, and Perkes
Memorandum Opinion by Justice Hinojosa

Appellant Salvador Zavala appeals the trial court's order dismissing his lawsuit

against appellees, L. Carrera, Corey Furr, Joe Gonzales, Brian Crook, C. Martinez and

TDCJ-CID,[1] as frivolous for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.010(a). In two issues, Zavala argues that: (1) the trial court improperly dismissed his claim without holding a hearing; and (2) Judge Joel Johnson did not have the authority to rule on the case because Zavala timely and properly filed an objection to the assignment of his case to an associate judge. We affirm.

## I.  BACKGROUND

Zavala is a Texas Department of Criminal Justice (TDCJ) inmate at the McConnell Unit in Beeville, Texas. Zavala sued appellees for violations of his due process and equal protection rights, breach of contract, fraud, and declaratory relief. In his petition, Zavala alleged that he was denied a fair disciplinary hearing regarding his use of vulgar language. Zavala also alleged that the disciplinary charge against him was brought in retaliation for his prior lawsuit and grievance against appellees. His breach of contract claim was premised on appellees' alleged failure to follow disciplinary rules. Finally, Zavala claimed that appellees fraudulently represented that the disciplinary hearing would be conducted fairly. In his petition, Zavala included an objection to the assignment of his case to an "associate judge." Additionally, Zavala filed a declaration of inability to pay court costs.

After Zavala filed his petition, Presiding Judge Patrick Flanagan assigned Judge Joel Johnson, a senior judge, to hear Zavala's case pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code. *See id.* ch. 74. The Texas Office of the Attorney

---

[1] We refer to appellees individually as they are identified in Zavala's original petition.

General filed an amicus curiae motion to dismiss on behalf of appellees, arguing that Zavala failed to comply with Chapter 14 of the Texas Civil Practice and Remedies Code and that his claims were frivolous. *Id.*

The trial court entered an order dismissing as frivolous all claims against appellees for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. This appeal followed.

## II.    OBJECTION TO AN ASSOCIATE JUDGE

In his second issue, which we address first, Zavala contends that the trial court lacked subject matter jurisdiction to render an order to dismiss. Specifically, Zavala argues that Judge Johnson should not have been able to rule on Zavala's case because Zavala properly objected to the assignment of his case to an associate judge.

## A.    Standard of Review and Applicable Law

Whether a trial court has jurisdiction is a question of law that we review de novo. *Harris County v. Annab*, 574 S.W.3d 609, 612 (Tex. 2018). Associate judges are appointed by a judge of a district or statutory county court to a full-time or part-time position serving a particular court. *See* TEX. GOV'T CODE ANN. §§ 54A.101, 54A.102. A person does not have to have been an elected judge to qualify as an associate judge. *See id.* § 54A.103. The ruling of an associate judge is subject to de novo review. *See id.* § 54A.115. A party can file a written objection concerning the appointment of an associate judge hearing a trial on the merits or presiding at a jury trial no later than the tenth day after the party receives notice that the associate judge will hear the trial. *Id.* § 54A.106.

On the other hand, assigned judges are active, retired or senior judges. *See id.* § 74.054. An assigned judge may not hear a case if a party submits a timely objection no later than seven days after the party receives actual notice of the assignment or before the first hearing of the trial. *See id.* § 74.053. A timely objection to a judge "assigned" under Chapter 74 has automatic effect and any subsequent order by the assigned judge is void. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001).

## B. Analysis

To properly object to an associate judge, one must file a written objection no later than ten days after they receive notice that the associate judge will hear the trial, which Zavala did. TEX. GOV'T CODE ANN. §§ 54A.106. Zavala timely filed the objection to an associate judge when he filed his petition. However, Judge Johnson is not an associate judge. The record makes clear that Judge Johnson is a senior judge pursuant to Chapter 74 of the government code. *Id.* § 74.054.

Zavala did not submit a timely objection to the assignment of Judge Johnson, because his objection was to an associate judge rather than an assigned judge. *See id.* §§ 54A.101–103, 74.054. Because Zavala did not timely object to the assignment of a senior or assigned judge, we conclude that Judge Johnson had jurisdiction to hear the case and that his orders are not void. Accordingly, we overrule Zavala's second issue.

## III. CHAPTER 14 INMATE LITIGATION

In Zavala's first issue, he contends that the trial court abused its discretion by improperly dismissing Zavala's claim with prejudice without holding a hearing.

4

**A. Standard of Review and Applicable Law**

We generally review a trial court's dismissal of a claim pursuant to Chapter 14 under an abuse of discretion standard. *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *see also Zavala v. Salles*, No. 13-18-00104-CV, 2018 WL 3386368, at *1 (Tex. App.—Corpus Christi–Edinburg July 12, 2018, no pet.) (mem. op). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.3d 238, 241–42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* at 242. However, when the trial court dismisses a claim without a hearing, the issue on appeal is whether the claim had no arguable basis in law, which we review de novo. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Hoffman v. Muro*, No. 13-17-000416-CV, 2018 WL 2979958, at *2 (Tex. App.—Corpus Christi–Edinburg June 14, 2018, no pet.) (mem. op.).

Chapter 14 of the Texas Civil Practice and Remedies Code governs lawsuits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay cost. *Donaldson v. Tex. Dep't of Crim. Justice—Correctional Inst. Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied); *see also Zavala v. Matthew*, No. 13-17-00009-CV, 2018 WL 286257, at *1 (Tex. App—Corpus Christi–Edinburg Jan. 4, 2018, pet. denied) (mem. op.). A trial court has the discretion to dismiss an inmate's lawsuit if the allegation of poverty in the indigence affidavit is false. TEX. CIV. PRAC. &

5

REM. CODE ANN. § 14.003(a)(1).

To enable the trial court to determine whether an inmate is indigent, the inmate is required to file a certified copy of his inmate trust account "reflect[ing] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." *Id.* § 14.006(f). An inmate "who has no money or property is considered indigent." *Donaldson*, 355 S.W.3d at 725. "However, [a]n inmate who has funds in his trust account is not indigent." *Id.*

## B. Analysis

In this case, Zavala had a balance in his trust account of $98.84 the month the underlying cause was filed, and an average monthly balance of $34.40 in his account for the six-month period preceding the suit. The average monthly amount deposited into his account during that same period was $105.00, and a total of $630.00 had been deposited into his account in the six months preceding suit. Accordingly, because Zavala had funds in his trust account, the trial court did not abuse its discretion in dismissing Zavala's lawsuit on the basis that his indigence affidavit contained a false allegation of poverty. *See Donaldson*, 355 S.W.3d at 725 (holding no abuse of discretion in dismissing inmate claim for false allegation of poverty where average monthly balance was $63.42 and deposits in six-month period totaled $1,020.00); *see also Zavala*, 2018 WL 3386368, at *1 (holding same where $608.08 had been deposited into account over prior six-month period); *Zavala*, 2018 WL 286257, at *1 (holding same where account had $27.24 when the underlying cause was filed, the six-month average monthly balance was $61.92, the six-month average monthly amount deposited was $162.50, and a total of $975.00 had

6

been deposited into the account in the six months preceding suit).   We overrule Zavala's first issue.

### IV.   CONCLUSION

Having overruled both of Zavala's issues on appeal, we affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
11th day of July, 2019.