

# NUMBER 13-25-00338-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

REGINALD DONELL RICE,                                                    Appellant,

v.

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,                                                        Appellee.

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF BEE COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice West**

This is a Texas Civil Practices and Remedies Code Chapter Fourteen inmate litigation matter. *See* TEX. CIV. PRAC. & REM. CODE § 14.001–14.013. By eleven points of error, which we reorganize and construe as four, appellant Reginald Donell Rice, pro se,

argues that the trial court improperly dismissed his lawsuit. *See id*. § 14.003(a). We disagree and affirm.

## I.   BACKGROUND

Rice is an inmate at the Texas Department of Criminal Justice's (TDCJ) McConnell Unit. He initiated this civil suit, originally against Victor Quiroga, a TDCJ employee allegedly working in food service. Rice subsequently dismissed Quiroga and added TDCJ as a party. Rice alleged that he was afflicted with food poisoning after Quiroga "mix[ed] left-overs with non-contaminated food" and asserted claims of "negligence [and] strict liability," "negligent infliction of mental anguish," and "gross negligence." (capitalization omitted). The attorney general filed an amicus curiae brief, asserting that the case should be dismissed because Rice filed a false statement of poverty under Chapter Fourteen. *See id*. § 14.001–14.013. Thereafter, the trial court entered an order dismissing the lawsuit without prejudice. Rice appealed.

## II.   STANDARD OF REVIEW & APPLICABLE LAW

We review a "trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard." *Donaldson v. Tex. Dep't of Crim Just.-Corr. Insts. Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied). "A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles." *Id*. "We will affirm a dismissal if it was proper under any legal theory." *Id*. The trial courts enjoy broad discretion in determining whether these cases "should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of

2

unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants." *Id*.

### III.    DISCUSSION

We first address Rice's argument that the trial court erred when it dismissed his lawsuit under Chapter Fourteen. *See* TEX. CIV. PRAC. & REM. CODE § 14.001–14.013. Suits brought by inmates, accompanied by an affidavit or unsworn declaration of inability to pay costs, are governed by Chapter Fourteen. *Id*. § 14.002. Under Chapter Fourteen, a court may dismiss an inmate's claim if the court finds that "the allegation of poverty in the affidavit or unsworn declaration is false" or "the inmate filed an affidavit or unsworn declaration . . . that the inmate knew was false." *Id.* § 14.003(a). An inmate who has no money or property is considered indigent, while an inmate who has at least some funds in his trust account is not indigent. *Donaldson*, 355 S.W.3d at 725; *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.); *see also Lee v. TDCJ-CID*, No. 13-17-00582-CV, 2018 WL 3386367, at *3 (Tex. App.—Corpus Christi–Edinburg July 12, 2018, no pet.) (mem. op.).

Here, Rice's affidavit provides that he has no source of income but receives $20 per month from family or friends. However, the certified trust statement shows Rice receives an average monthly deposit of $48.68. Thus, the trial court did not abuse its discretion by dismissing Rice's lawsuit where 1) Rice had funds in his trust account, rendering him non-indigent, and 2) Rice's affidavit contains false information related to his monthly income and indigence status. *See* TEX. CIV. PRAC. & REM. CODE § 14.003(a); *Donaldson*, 355 S.W.3d at 725 (holding that the trial court did not abuse its discretion when it dismissed appellant's lawsuit because appellant "had funds in his inmate trust

3

account, he [wa]s not indigent for Chapter Fourteen purposes, and his allegation of poverty was false"); *McClain*, 320 S.W.3d at 397; *see also Lee*, 2018 WL 3386367, at *3. We overrule Rice's first issue.

We next address three other issues raised in Rice's appellate brief. First, Rice asserts that he was not served with the attorney general's amicus curiae brief requesting dismissal. However, the statute providing for dismissal does not require a motion from a party. *See* TEX. CIV. PRAC. & REM. CODE § 14.003(a). Rather, "[a] court may dismiss a [plaintiff's] claim" under the statute "either before or after service."[1] *Id*. And even if the trial court's dismissal was procedurally erroneous, Rice has failed to show reversible error. *See* TEX. R. APP. P. 44.1(a) (providing that reversible error requires proof of an error that likely caused the rendition of an improper judgment or probably prevented appellant from presenting his appeal).

Second, Rice asserts that Judge Johnson abused his discretion by "assign[ing] himself" over the case. However, the record reflects that Judge Harle, the Presiding Judge of the Fourth Judicial Region, appointed Judge Johnson. Moreover, Rice failed to provide any legal basis for how such assignment was improper. *See id*. R. 38.1(i).

Third, Rice asserts that the dismissal order improperly excluded reasoning under Rule 145 or findings of fact and conclusion of law under Rules 296 and 297. However, the trial court's order was not granted pursuant to Rule 145 but pursuant to § 14.003 of the Civil Practices and Remedies Code. *See* TEX. R. CIV. P. 145(f)(1)–(2); TEX. CIV. PRAC.

---

[1] We moreover note that the dismissal is related to Rice's non-indigent status under the law and inconsistencies in Rice's affidavit versus his trust account; such determinations are made from the face of Rice's documents and not on documents presented by the attorney general.

& Rᴇᴍ. Cᴏᴅᴇ § 14.003(a), (c). While Rule 145 requires that the trial court provide a litigant claiming indigence an evidentiary hearing and thereafter enter an order with "detailed findings," § 14.003 provides for pre-service dismissal without holding a hearing. *See* Tᴇx. R. Cɪᴠ. P. 145(f)(1–2); Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ § 14.003(a), (c). Furthermore, Rice waived his right to findings of fact and conclusions of law by failing to request such within twenty days after the trial court's judgment was signed. *See* Tᴇx. R. Cɪᴠ. P. 296; *Howe v. Howe*, 551 S.W.3d 236, 243 (Tex. App.—El Paso 2018, no pet.), *abrogated on other grounds by Mehta v. Mehta*, 716 S.W.3d 126 (Tex. 2025). We overrule Rice's remaining issues.

## IV.    Mᴏᴛɪᴏɴ

Rice filed a motion requesting waiver of appellate fees, citing his indigent status. As discussed above, Rice has funds in his trust account, and an inmate with funds in his trust account is not indigent. Thus, his motion is denied.

## V.    Cᴏɴᴄʟᴜsɪᴏɴ

We affirm the judgment of the trial court.

JON WEST
Justice

Delivered and filed on the
29th day of January, 2026.